[Crim. No. 3682.   Second Dist., Div. One.   Apr. 19, 1943.]

THE PEOPLE, Respondent, v. JOHN F. MURRAY, Appellant.

William G. Kenney and Ellis D. Reiter for Appellant.

Robert W. Kenny, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

WHITE, J.—Appellant was found guilty by a jury of violating sections 480 and 500 of the Vehicle Code. Motion for a new trial was denied, and while this appeal was taken from the judgments of conviction on both counts and from the order denying a new trial, the validity of the guilty verdict on count one for violation of section 480 of the Vehicle Code is conceded and the appeal is therefore confined to the judgment predicated upon count two which charged a violation of section 500 of the Vehicle Code, negligent homicide, and from the order denying a new trial thereon.

At about ten o'clock on the night of July 8, 1942, Winfield S. Wilson, a man sixty years of age, came to his death as a result of being struck by an automobile driven by appellant. At the time he was struck Mr. Wilson was walking across Santa Monica Boulevard from the north to the south side and was within the prolongation of the westerly curb line of Martel Street. The intersection was quite well lighted and the street lights were on. The victim was wearing a light suit and was leading a dog on a leash. He had just crossed the second set of streetcar tracks and was on the southerly side of Santa Monica Boulevard at the time of the impact. The force of the collision lifted the deceased into the air and at least five feet above the pavement and his body was thrown entirely across the intersection.

The accident was witnessed by a number of people who happened to be congregated at the intersection. Several men in a parked car about fifteen feet from the intersection witnessed the accident as did two women who were parked in their automobile approximately fifty feet from the intersection. Another witness was driving his automobile along Santa Monica Boulevard following appellant's vehicle at a distance of some 30 or 40 yards. This witness testified that he could see the deceased pedestrian in the act of crossing the street when appellant's automobile drove straight on into the vic-

tim, knocked him some 80 feet and then drove on without changing either its speed or direction. As to the speed of appellant's automobile, there was testimony estimating it to be some 40 miles per hour while another witness placed the speed at from 40 to 50 miles per hour and still another estimated the rate of speed to be 50 miles per hour. There was testimony that on the evening in question and preceding the happening of the fatal accident, appellant was at the home of a friend at which place he arrived between seven and eight o'clock. Appellant's host testified that the two drank liquor during the course of the evening but could not recall either the kind or the amount which he or appellant consumed. Appellant left the home of his friend shortly before ten o'clock. Appellant did not take the witness stand in his own behalf nor did he offer any defense.

█ Appellant first challenges the sufficiency of the evidence to sustain his conviction of violating section 500 of the Vehicle Code. This section, as amended in 1941, provides "When the death of any person ensues within one year as the proximate result of injuries caused by the driving of any vehicle *with reckless disregard of, or wilful indifference to, the safety of others,* the person so operating such vehicle shall be guilty of negligent homicide, a felony. . . ." (Italics added.) Prior to the 1941 amendment the section contained the phrase "in a negligent manner or in the commission of an unlawful act not amounting to a felony" in place of the above mentioned italicized language. The leading case on the interpretation of the Vehicle Code section in its present form is *People* v. *Young,* 20 Cal.2d 832 [129 P.2d 353]. Stated in a general way, the facts of that case were that defendant was driving an automobile about 25 or 30 miles an hour behind a streetcar which was traveling in the same direction about 20 to 25 miles an hour; the streetcar stopped gradually at a regular stopping place where there was no marked passenger safety zone on the pavement; defendant did not stop to the rear of the streetcar as required by section 571 of the Vehicle Code, but proceeded to pass the stopped streetcar and struck the decedent who had alighted from the right front door of the streetcar; there was a skid mark extending 47 feet from the place where the automobile stopped toward the point of impact; the incline of the street upon which the defendant was driving was from five to twenty per cent. The defendant testi-

fied that the front of her car was past the door of the street-car when decedent alighted and that he stepped on to the top of the front fender of her car; that she had no warning that the streetcar was going to stop and that it stopped suddenly.

In reversing a judgment of conviction in that case, the Supreme Court held that the evidence was not sufficient to establish a violation of section 500 of the Vehicle Code, saying in that regard "The defendant . . . was merely negligent. . . . She may have been exceeding the speed limit but cannot be said to have been traveling at a particularly excessive speed. . . . The People's evidence shows that the street car stopped gradually, but defendant's failure to observe that was the lack of that care expected of a man of ordinary prudence, that is, ordinary negligence without a high degree of probability of injury to others . . . Assuming defendant violated that rule (Veh. Code, sec. 571), the mere violation thereof under the circumstances did not constitute wilful misconduct or reckless disregard of, or wilful indifference to the safety of others."

Upon the authority of the Young case, *supra*, Division Three of this court set aside a conviction of violating Vehicle Code section 500 in the case of *People* v. *Montes*, 56 Cal. App.2d 30 [131 P.2d 681], wherein the court said "The evidence in the present case was sufficient to justify a finding that defendant did not make the boulevard stop, did not yield the right of way to the decedent, and did not use due care to observe the car of decedent as it approached and entered the intersection, the view of which intersection was unobstructed for a distance of 250 or 300 feet in the direction from which decedent came."

"In the respects just mentioned the defendant was negligent. Defendant was not traveling at a particularly excessive speed as he approached the intersection, and the evidence is not clear as to the rate of speed he was traveling at the time of the collision. The circumstances under which the negligence of defendant occurred were not such that they amounted to recklessly ignoring the safety of others by intentionally doing acts with wanton and reckless disregard of their possible results, and the circumstances were not such that they amounted to an intentional lack of regard concern-

ing the safety of others by intentionally doing something with knowledge that serious injury was a probable result.''

In *People* v. *Young, supra,* the Supreme Court points out that it has been held that the violation of a statutory duty alone does not constitute wilful misconduct; that inattention to the roadway ahead or speeding alone does not constitute wilful misconduct, and that colliding with a car at an intersection while driving sixty miles per hour does not of itself constitute wilful misconduct. As we read the Young case we draw therefrom the impression that the language of the statute as now framed must be held to require that more than ordinary negligence be shown to sustain a conviction thereunder. That, as stated by the Supreme Court, the phrase ''reckless' disregard of the safety of others'' as it appears in the Vehicle Code section means doing an act while recklessly ignoring the safety of others, or to state it in another way, ''the intentional doing of an act with wanton and reckless disregard of its possible results,'' while the term ''wilful indifference to the safety of others'' imports an intentional lack of regard concerning the safety of others, or ''an intentional doing of something with knowledge that serious injury is a probable result.''

▮ We are impressed that in the consideration of prosecutions arising out of section 500 of the Vehicle Code the interpretation to be given actions and conduct of the defendant must turn on the circumstances of the individual case, and that decisions passing upon facts deemed sufficient or insufficient to warrant a conviction can be of little assistance other than to announce the definition of the terms and phrases used in the statute. Therefore the question of whether the defendant herein drove his automobile ''with reckless disregard of, or wilful indifference to, the safety of others'' is essentially one of fact for determination by the fact finder. ▮ Can we, therefore, say that the actions and conduct of appellant herein while driving his vehicle amounted to a course of conduct which included the doing of something which should not be done, or intentionally failing to do something which he should have done, under circumstances disclosing knowledge, express or implied, that as a result of his recklessness, wantonness or wilfulness, injury to others would be the probable (as distinguished from a possible) result? In the instant case we feel the query must be answered in the affirmative. The record discloses testimony, undenied by appellant, that after

spending a couple of hours at the home of a friend, drinking liquor, the kind and quantity of which appellant's host could not remember, appellant drove his automobile on a boulevard upon which, in addition to normal traffic, there was a two-way streetcar line, at a rate of speed variously estimated at from 40 to 50 miles per hour. When approaching an inter-section across which a pedestrian was walking, attired in light clothing and leading a dog on a leash, and which inter-section was well lighted, appellant continued to drive his vehicle at the same high rate of speed, turning neither to the right or left to avoid striking the pedestrian, but heading directly into the latter, who had crossed more than half way through the intersection at the time appellant entered the same. The testimony further shows that the pedestrian was plainly visible to the driver of an automobile following be-hind appellant's vehicle at a distance of some 30 or 40 yards. Surely it can not be claimed that driving an automobile under the circumstances here present, 40 to 50 miles per hour down the center of a city boulevard, through an intersection well lighted, visible and occupied by a pedestrian who had the right of way, constitutes anything but a wanton, wilful and reckless disregard of the probable, as distinguished from the possible, result of a combination of speed, liquor and erratic driving.

Moreover, in the light of the evidence, the jury reasonably could have inferred that the deceased was crossing the street under circumstances that made him plainly visible to an alert driver and that the accident, in part, was the result of a neglect on the part of defendant to devote the proper attention to the operation of his car by keeping a lookout ahead at all times.

In the cases of *People* v. *Young, supra,* and *People* v. *Montes, supra,* the court was careful to point out in the first mentioned case that ''This is not a case where defendant had an opportunity to see the deceased for some distance but still continued on her course, thus showing an element of intent to cause injury or a high degree of probability there-of''; while in the last cited case Division Three of this court called attention to the fact that as the defendant therein approached the intersection where the collision with another automobile occurred, he was not driving at an excessive speed. However, in the case with which we are here concerned, the appellant was operating his vehicle at an excessive speed, not

only as he approached the intersection but as he passed through it; he did have an opportunity to see the victim in the intersection for some distance before appellant's vehicle entered the same. While in the aforesaid cases relied upon by appellant herein there were present facts and circumstances which removed from the sphere of "wanton and reckless disregard of probable results" defendant's conduct and actions and placed the same in the category of ordinary, or at most, gross negligence, which is insufficient to establish guilt under section 500 of the Vehicle Code, such is not the situation presented in the case at bar. In the instant case appellant's conduct comes within the definition of "reckless disregard of the safety of others" as that term is defined at page 500, Restatement of Torts, quoted with approval by the Supreme Court in *People* v. *Young, supra,* and reading as follows: "The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him."

The evidence being legally sufficient to support the guilty verdict herein rendered, a reviewing court is not authorized to substitute its finding for that of the jury.

■ Finally appellant asserts error on the part of the trial court in giving to the jury the following instruction: "The defendant is charged under section 500 of the Vehicle Code, which provides that 'When the death of any person ensues within one year as the proximate result of injuries caused by the driving of any vehicle with reckless disregard of, or wilful indifference to the safety of others the person so operating such vehicle shall be guilty of negligent homicide.'

" 'Wilful indifference to the safety of others' relates to such conduct on the part of the driver of a vehicle as displays the intentional driving of the vehicle with indifference to the likelihood of injuries to other persons such as would be apparent to the ordinarily careful and prudent driver had he been in the position of the defendant.

" 'Reckless disregard to the safety of others' relates to the driving of a vehicle under circumstances which would cause the ordinarily careful and prudent driver to realize

that such operation of such vehicle was then and there likely to cause injury to other persons and, without regard to such probable consequences, with continuance of such operation of the vehicle with a reckless indifference to the natural consequences.''

Appellant bases his attack upon the quoted instruction on the ground that it allegedly measures the required standard of conduct of the defendant on the basis of what would be apparent to the ordinary careful and prudent driver. Appellant's contention in this regard is without merit. Just as the law prescribes a standard for measuring the conduct of people in arriving at a decision as to whether they are guilty of ordinary negligence, so too there must be a standard to measure the conduct of vehicle drivers prosecuted under section 500 of the Vehicle Code to determine whether such conduct was in ''reckless disregard of,'' or with ''wilful indifference to'' the safety of others. That standard must of necessity consist of a comparison of the conduct of defendant driver with that of the average man, or to use the phrase with which we are so familiar, ''the ordinary careful and prudent man'' situated as the defendant was, seeing what he saw and knowing what he knew. The questioned instruction, therefore, did not mislead the jury as to the quantum of evidence required to warrant a conviction, but merely gave to the jury the universally applied standard from which they were to determine whether the actions and conduct of appellant amounted to only ordinary or gross negligence, or in the light of what ordinary prudence and care under the circumstances would dictate, amounted to such recklessness, wantonness and wilfulness as to approach that wilful misconduct in the driving of an automobile which is denounced by the Vehicle Code section under which this prosecution was instituted. Appellant does not venture to suggest any different standard for measuring the conduct of a defendant than that contained in the challenged instruction. Surely it can not be said that the conduct of a defendant should be measured by the actions of a careless man, an imprudent man, an intoxicated man, or one who is an incompetent driver.

The judgment from which this appeal was taken and the order denying a new trial are, and each is, affirmed.

York, P. J., and Doran, J., concurred.