[Crim. No. 3714. Second Dist., Div. Two. June 26, 1943.]

THE PEOPLE, Respondent, v. LAURO GOMEZ, Appellant.

Keith R. Jensen for Appellant.

Robert W. Kenny, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

McCOMB, J.—From judgments of guilty on two counts of negligent homicide (section 500 of the Vehicle Code) after trial before the court without a jury, defendant appeals. There are also appeals from the orders denying his motions for a new trial.

The evidence being viewed in the light most favorable to the People (respondent), and pursuant to the rules set forth in *People* v. *Pianezzi*, 42 Cal.App.2d 270, 277 [108 P.2d 685], the essential facts are:

About midnight of December 14, 1942, defendant was driving an automobile at approximately 40 miles per hour in a northerly direction on Mission Road in Los Angeles. Riding in the automobile with him were four other persons including Mr. Refugio Salazar. When defendant arrived at the intersection of Mission Road and Sichel Street he observed an automobile which was being driven by Mr. Alfieri, and in which Mrs. Alfieri was also riding, traveling in a southerly direction on Mission Road about half a block north of the intersection just mentioned. At this time a third car was traveling in a northerly direction on Mission Road approximately 100 feet in front of the automobile which defendant was driving. The last mentioned car passed the automobile in which Mr. and Mrs. Alfieri were riding. After which, and when about 15 feet from the Alfieris' automobile, defendant without warning drove his automobile across the center line of Mission Road on to the west half of the thoroughfare causing a head-on collision between the car he was driving and the automobile operated by Mr. Alfieri. When the accident occurred Mr. Alfieri was driving between 25 and 30 miles per hour. At the point of the accident (approximately

half-way between two intersecting cross streets) Mission Road was 54 feet from curb to curb. Defendant admitted that prior to the collision he had consumed four glasses of beer. Both Mr. Salazar and Mrs. Alfieri received injuries in the accident from which they died.

Defendant relies for reversal of the judgments on this proposition:

*There is not any substantial evidence to sustain the trial court's finding that decedents died as the proximate result of injuries caused by defendant's driving an automobile "with reckless disregard of, or wilful indifference to the safety of others."*

This proposition is untenable and is governed by the following pertinent rules:

■ (1) The phrase "with reckless disregard of the safety of others" as used in section 500 of the Vehicle Code means the intentional doing of an act with wanton and reckless disregard of the possible result. (*People* v. *Young,* 20 Cal.2d 832, 837 [129 P.2d 353].)

■ (2) The phrase "with wilful indifference to the safety of others" as used in section 500 of the Vehicle Code means the intentional lack of regard concerning the safety of others or intentionally doing something with knowledge that serious injury will probably result. (*People* v. *Young, supra.*)

■ (3) Whether a defendant is guilty of negligent homicide within the meaning of section 500 of the Vehicle Code depends upon the circumstances of each case, and a finding of the trier of facts, when supported by substantial evidence, will not be disturbed by an appellate court. (See *People* v. *Murray,* 58 Cal.App.2d 239, 243 [136 P.2d 389].)

■ Applying the foregoing rules to the facts in the instant case we are of the opinion that there is substantial evidence to sustain the trial court's finding that defendant violated section 500 of the Vehicle Code. The evidence discloses that defendant after having partaken of an intoxicating beverage drove an automobile at 40 miles per hour on a public highway; that he observed another automobile (Mr. Alfieri's) approaching him on the same highway approximately a half block distant; that thereafter defendant continued to operate his automobile without diminishing its speed until within approximately 15 feet of the automobile he was approaching, at which time he suddenly, without

notice, swerved to the wrong side of the street and drove his car directly into the path of the approaching automobile; and that as a result of the ensuing accident two persons died. Certainly such conduct sustains the implied findings of the trial court that defendant (a) intentionally did an act with wanton and reckless disregard of the possible results, and (b) intentionally did an act with knowledge that serious injuries would probably result.

*People* v. *Young, supra,* and *People* v. *Montes,* 56 Cal.App. 2d 30 [131 P.2d 681], relied on by defendant are factually distinguishable from the instant case.

In *People* v. *Young, supra,* the Supreme Court points out that it was not a case in which defendant had an opportunity to see the deceased for some distance prior to the accident and then continued a course of conduct which resulted in injury and death, indicating that thus there was no element of intent to cause injury or a high degree of probability that injury would result. In the present case however, defendant by his own admission saw the automobile of the Alfieris' a half block before the accident occurred and then deliberately followed a course of conduct which was highly probable to result in serious injury and death.

In *People* v. *Montes, supra,* defendant drove his automobile into an intersection without making a boulevard stop, and he also failed to yield the right of way to a car approaching from his right. A collision ensued resulting in the death of an occupant of one of the cars. In the Montes case it was expressly found that the defendant was not driving at an excessive speed as he approached the intersection and that he was guilty of nothing more than simple negligence. In the instant case the evidence supports the implied finding that defendant's conduct did not constitute merely simple negligence but evidenced a reckless disregard of, and wilful indifference to the safety of others.

For the foregoing reasons the judgments and orders are and each is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.