[No. 21174.  In Bank.—February 28, 1895.]

THE PEOPLE, RESPONDENT, *v.* YEE FOOK DIN, APPELLANT.

CRIMINAL LAW — ASSAULT WITH INTENT TO MURDER — EVIDENCE.— Evidence that a person accused of an assault with intent to commit murder had a knife and pistol on his person nearly a month after the commission of the alleged assault is inadmissible; and the cross-examination of a defendant thereon, against his objection, is inexcusable, and prejudicial error.

ID.—FORM OF OBJECTIONS TO EVIDENCE.—The fact that objections to evidence in a criminal case might have been put in better form is not ground for disregarding them; but technicalities should be liberally viewed when urged against a defendant in a criminal case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Lyman I. Mowry*, for Appellant.

The court erred in overruling the defendant's objection to the question asked the arresting officer, "Did you find any thing on him"? and in allowing the answer, "I found this pistol and knife," and in allowing the defendant to be asked where he got the knife found upon him, the alleged crime having been committed about a month before the arrest, and having been committed by stabbing with a knife. (*People* v. *Wong Ah*

*Leong,* 99 Cal. 440; *People* v. *Wells,* 100 Cal. 459; *People* v. *Devine,* 95 Cal. 227.)   The conduct of the counsel for the prosecution, in commenting upon the knife and pistol found upon the defendant was prejudicial error. (*People* v. *Lemperle,* 94 Cal. 45; *People* v. *Ah Len,* 92 Cal. 282; 27 Am. St. Rep. 103; *People* v. *Lee Chuck,* 78 Cal. 317.)

*T. D. Riordan,* for Respondent.

The exhibition of the knife and pistol in sight of the jury, but not offered in evidence, is not a sufficient reason for reversing the judgment of conviction.   (*People* v. *Cox,* 76 Cal. 281.)   There was no injury done to the defendant, and there was no prejudical error.   Yet, if it be true that to allow the mere preliminary question asked by counsel were error, it was error that did no harm, as it was cured by the subsequent conduct and language of the court.   (*People* v. *Parton,* 49 Cal. 632; *People* v. *Lane,* 101 Cal. 513; *People* v. *Lynch,* 101 Cal. 229.)   The second exception to the question to the defendant as to where he got the knife is not tenable.   The defendant was charged with an assault with a knife with intent to murder.   He testified that he did not do the stabbing. The question was admissible as a necessary part of the *res gestæ* and to show intent.   (*People* v. *Chin Bing Quong,* 79 Cal. 553.)   The question was legitimate cross-examination, and its allowance was not prejudicial error.   (*People* v. *Gallagher,* 100 Cal. 466; *People* v. *Scott,* 93 Cal. 516; *People* v. *Brown,* 76 Cal. 573.)   The remarks of the counsel for the prosecution were not objectionable, and the failure of the court to caution the jury against them was not error.   (*State* v. *McGahey,* 3 N. Dak. 293.)   The record discloses that the alleged errors asserted by appellant, if any at all there be, were without prejudice to any substantial right, and that there is no ground for reversing the judgment of conviction. (*People* v. *Collins,* 75 Cal. 412; *People* v. *Eubanks,* 86 Cal. 295; *People* v. *O'Brien,* 88 Cal. 483.)

McFARLAND, J.—The defendant was charged with the crime of an assault with intent to commit murder, alleged to have been made with a dagger, and was convicted. He appeals from the judgment and from an order denying a motion for a new trial.

It is clear that improper evidence highly prejudicial to appellant was erroneously admitted, and the only question is whether or not appellant made and took proper objections and exceptions.

The assault was committed about midnight on December 4, 1893, at the corner of Pacific and Dupont streets, in the city of San Francisco, and defendant was not arrested until January 1st—twenty-seven days afterwards. On the witness-stand the officer who made the arrest was asked by counsel for the people, "Did you find any thing on him"? To this counsel for appellant objected and the objection was overruled and exception taken. Perhaps this question was not vulnerable to a general objection, as it might have elicited an answer that would have been relevant and proper. The answer was: "I found this pistol and knife." No motion was made by appellant to strike out this answer. He was then asked to state, "on what part of his person you found this dagger." To this the appellant objected. A conversation then occurred between the court and counsel, from which it appeared that the prosecution did not propose to identify the dagger used at the time of the assault. The court finally sustained the objection, stating excellent reasons why evidence of the finding of a pistol and dagger on the person of appellant so long after the assault was not admissible. The pistol and dagger were not formally introduced in evidence, although they were evidently left in the courtroom in the presence of the jury. If the matter had rested here, perhaps there would have been no error committed of which appellant could have taken advantage. But the appellant took the stand as a witness for himself. His testimony was very brief, and was, substantially, that during the entire night of the alleged assault he was

from 6 o'clock in the evening at the house of his employer at a certain point on Dupont street. The first question asked him on cross-examination by special counsel for the people was: "Where did you get that from"? (Knife shown witness.) To this appellant objected. The court overruled the objection and appellant excepted. Counsel for the people then proceeded to examine him at length as to the knife *and the pistol* —making him tell how he got them, how he had them upon his person when arrested, etc. In his argument to the jury counsel for the people commented upon the knife and pistol and the manner in which appellant said he got them. To this point of his argument appellant objected; but the court overruled the objection, and allowed counsel to continue such comments. The above proceedings put appellant, we think, in a position to take advantage of the improper introduction of said evidence. Appellant could certainly have made his objections in better form, and could thus have brought here a record presenting his point in a clearer light; but technicalities should be liberally viewed when urged against a defendant in a criminal case.

That the evidence was erroneously admitted is clear. Proof that appellant had a knife and pistol on his person nearly a month after the commission of the alleged assault was beyond doubt inadmissible. Moreover, it was elicited by cross-examination of appellant, which was entirely inexcusable. That it was prejudicial to appellant is also beyond doubt. In order to convince the jury that he was guilty of an assault alleged to have been committed on December 4th it was no doubt argued to them that on January 1st he had a knife and pistol, and therefore was a bad man; that on January 1st he was guilty of another crime, viz., carrying concealed weapons; and that his account of the way he got the knife and pistol was false, and therefore he had perjured himself. But he was not on trial for either of these latter offenses; he was being tried for an assault alleged to have been committed on December 4th, and

upon that issue the said evidence had no legitimate bearing.

The judgment and order appealed from are reversed, and the cause remanded for a new trial.

GAROUTTE, J., VAN FLEET, J., and HARRISON, J., concurred.