[Crim. No. 3513.   Second Dist., Div. Two.   Dec. 22, 1941.]

THE PEOPLE, Respondent, v. STEVE ZABZAK, Appellant.

Gladys Towles Root for Appellant.

Earl Warren, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

McCOMB, J.—From judgments of guilty on two counts of forcible rape after trial before the court without a jury, defendant appeals. There are also appeals from the orders denying his motions for a new trial.

Viewing the evidence in the light most favorable to the People (respondent), the essential facts are:

Between ten and eleven p. m., January 21, 1941, Miss D———, age sixteen, was walking along a street in the city of Long Beach when she was grabbed from behind by the defendant, who struck her several times with his fist and dragged her to the rear of an adjacent house, where he told her to keep her voice down, and with his fist over her, had sexual intercourse with her against her will.

January 19, 1941, at about eleven p. m., Mrs. D——— was walking on a street in the city of Long Beach, when she was grabbed by defendant, who placed his hand over her mouth and dragged her between two houses and into the rear yard of one, where with his hand over her mouth he had an act of sexual intercourse with her against her will. Thereafter he extracted one dollar from her purse and tore her wrist watch from her arm.

Defendant relies for reversal of the judgments upon the proposition *that there is no substantial evidence to sustain the findings of the trial court that (1) defendant perpetrated the crimes of which he was convicted or (2) the prosecuting witnesses resisted defendant's advances and their resistance was overcome by force or violence.*

This proposition is untenable. An examination of the rec-

ord discloses substantial evidence, taken together with inferences which the trial judge may reasonably have drawn therefrom, to sustain each and every material finding of fact upon which the judgments were necessarily predicated, including the identity of defendant as the perpetrator of the crimes of which he was convicted and the fact that the prosecuting witnesses resisted defendant's advances and their resistance was overcome by force and violence. For example, (1) Each prosecuting witness positively identified the defendant as the man who perpetrated the crime against her; and (2) Mrs. D—— testified that she had a silver tube in her throat, and that when defendant put his hand over her mouth and around her throat her breathing was almost completely stopped, and she knew that if she struggled and the tube became dislodged it would kill her. She further testified that the act of sexual intercourse was without her consent and against her will. This testimony warranted the trial court in finding that she had resisted defendant's advances and that her resistance was overcome by the force and violence used by defendant.

Miss D—— testified that defendant beat her, threatened her with his fist, and admonished her to be quiet; that she submitted to him because of the fear thus engendered; and that the act of sexual intercourse was perpetrated without her consent. The foregoing testimony alone was substantial evidence to sustain the trial court's finding that she resisted defendant's advances and that her resistance was overcome by force and violence.

Further discussion of the evidence is unnecessary. For a complete discussion of the applicable rules see *People* v. *Pianezzi,* 42 Cal. App. (2d) 270, 277 [108 Pac. (2d) 685].

For the foregoing reasons the judgments and orders are and each is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.