[Crim. No. 4095.   Second Dist., Div. Two.   May 28, 1947.]

THE PEOPLE, Respondent, v. SAM ALBERT PERKINS, JR., Appellant.

Ward Sullivan for Appellant.

Fred N. Howser, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of forcible rape after trial before a jury, defendant appeals. There is also an appeal from the order denying his motion for a new trial.

Viewing the evidence in the light most favorable to the People (respondent), the record discloses the following facts:

On June 3, 1946, the prosecutrix was waiting for a bus to take her home. Defendant accosted her and asked if she would like a ride. She inquired if he was going past Prairie Avenue in Los Angeles where she lived, and he replied that he could go there. The prosecutrix then got into defendant's car and he said he would take her home. Instead of driving the prosecutrix home he drove his car to 109th Street and parked in an open field. Defendant thereafter had an act of sexual intercourse with the prosecutrix against her will.

Defendant relies for reversal of the judgment upon the proposition that *there is no substantial evidence to sus-*

*tain the implied finding of the jury that the prosecuting witness resisted his advances and that her resistance was overcome by force or violence.*

This proposition is untenable. An examination of the record discloses substantial evidence, taken together with inferences which the jury may reasonably have drawn therefrom, to sustain each and every material finding of fact upon which the judgment was necessarily predicated, including the fact that the prosecuting witness resisted defendant's advances and that her resistance was overcome by force or violence. For example, the prosecuting witness testified that defendant penetrated her vagina "after a lot of struggle." She further testified as follows: "Q. I am asking you, did you give your consent to have sexual intercourse with him? A. I did not. Q. You resisted him? A. I did. I did all in my power."

Further, defendant at the time of his arrest stated to the arresting officers as follows: "Q. Do you feel in your own mind that this girl voluntarily submitted to you without any objection at all? A. I think that she gave in to me because she was frightened and not because she wanted to. Q. In other words, you feel that she submitted to the act of sexual intercourse with you because she was afraid of what might happen to her in the event she refused? A. Yes. I guess she was afraid I might knife her or do other bodily injury if she didn't." It is true defendant denied having made such statement. However, it was a question for the triers of fact whether or not he did. (See *People* v. *Pianezzi,* 42 Cal.App.2d 270, 277 [108 P.2d 685].)

There is likewise no merit in appellant's contention that the prosecuting witness did not resist his illegal advances, because of the fact that she testified that she was trying to tire defendant out so that he would have an emission without penetrating her. ▆ It is the law that to sustain a charge of rape the resistance of a female need only be such as to make nonconsent and actual resistance reasonably manifest. (*People* v. *Cline,* 117 Cal.App. 181, 184 [3 P.2d 575].)

In *People* v. *Norrington,* 55 Cal.App. 103 [202 P. 932], the prosecuting witness succeeded in causing the defendant to gratify his desires before he accomplished an act of penetration, and this court held, in passing upon an argument similar to that presented by defendant in the present case, to wit, that the prosecuting witness had not resisted the defendant's advances but had consented thereto, that it was

a question for the jury to determine whether or not she had used her best efforts to extricate herself from the predicament in which she had been placed by the defendant; and that when she succeeded in gratifying his lascivious desires without permitting penetration of her person, the jury's finding that such conduct upon her part was reasonable would not be disturbed on appeal.

The judgment and order appealed from are and each is affirmed.

Moore, P. J., and Wilson, J., concurred.