[Crim. No. 4341.    Second Dist., Div. Two.    July 18, 1949.]

THE PEOPLE, Respondent, v. ARNOLD DOUGLAS WARD, Appellant.

Kenneth A. Murphy for Appellant.

Fred N. Howser, Attorney General, and James A. Doherty, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of murder of the second degree after trial before a jury, defendant appeals. He also appeals from the order denying his motion for a new trial.

· Viewing the evidence in the light most favorable to the People (respondent) the essential facts are:

▇ Mr. Bradley and a friend named Slater were sitting under a pepper tree on the south side of Filbert Street in Duarte, when defendant, who knew Mr. Bradley, emerged from a store across the street, walked over and sat down in front of the two men who were talking. He listened to their conversation for approximately two minutes, then stood up, drew a revolver from his belt and put it against Mr. Bradley's stomach. Mr. Bradley remained in a sitting position and told defendant not to do what he was doing. Defendant then pulled the trigger, wounding Mr. Bradley from which wound he died approximately 36 hours later.

## Questions

First: *Was there substantial evidence to sustain a judgment of guilty of second degree murder?*

This question must be answered in the affirmative and is governed by this rule:

▇ Murder of the second degree is a willful act resulting in death of a human being, characterized by the presence of malice aforethought and, at least ordinarily, by the specific intent to kill, and by the absence of premeditation and deliberation. (*People* v. *Bender,* 27 Cal.2d 164, 181 et seq. [163 P.2d 8].)

Defendant's argument is that a finding of guilty of murder of the second degree is the equivalent of a finding that the killing was not willful, not deliberate and not premeditated. Therefore the judgment of guilty of murder of the second degree is not supported by the evidence. Diametrically opposed to this contention is the holding in *People* v. *Thomas,* 25 Cal.2d 880, 903 [156 P.2d 7]. Mr. Justice Schauer, speaking for the Supreme Court of California in such case, gives the correct construction of section 189 of the Penal Code by emphasizing the word "and" in the following quotation from

the decision: "Murder of the second degree may be defined as the unlawful killing of a human being with malice aforethought but which killing is not perpetrated by means of poison, or lying in wait, or torture, is not wilful, deliberate *and* premeditated, and is not committed in the perpetration of or attempt to perpetrate arson, rape, robbery, burglary, or mayhem. (See Pen. Code, §§ 187, 189.) It is apparent from the facts previously recited that the homicide in this case, if it was murder at all, was murder of the second degree unless the killing was 'wilful, deliberate and premeditated.' " By the interpretation thus placed upon section 189 of the Penal Code if the homicide is not willful, deliberate *and* premeditated the crime is murder of the second degree.

It is evident that defendant unlawfully killed Mr. Bradley without any provocation by the use of a gun in a manner which showed an abandoned and malignant heart and hence there was implied malice aforethought. Since there is evidence of the other elements necessary to constitute murder of the second degree the judgment is supported by the evidence.

Minor discrepancies and conflicts in the evidence will not be considered by this court since it was the province of the trier of fact to determine which witnesses were to be believed. (*People* v. *Pianezzi*, 42 Cal.App.2d 270, 277 [108 P.2d 685].)

Second: *Did the trial judge abuse his discretion in denying defendant's motion for a new trial by not weighing the evidence pursuant to the rule set forth in People v. Navarro, 74 Cal.App.2d 544, 554 [169 P.2d 265], to wit, that on a motion for a new trial after the verdict of a jury, defendant is entitled to a decision by the trial judge on the sufficiency of the evidence giving due weight to conflicts and inconsistencies in the evidence and the credibility of the testimony of witnesses?*

This question must be answered in the negative. After hearing the motion for a new trial Judge Newell, who presided over the trial, stated, "Well, *I think there was sufficient evidence for the jury to return the verdict they did.* The matter was submitted to them and, apparently, they unanimously were convinced beyond a reasonable doubt that the defendant was guilty. The motion will be denied." (Italics added.)

Clearly from the foregoing statement of the trial judge and particularly that portion which is italicized, he meant to convey and did convey the idea that after reviewing the

evidence pursuant to the rule stated above he was of the same opinion as the jury that the evidence was sufficient to sustain a verdict of guilty of murder of the second degree. In other words, he said that after considering the evidence he came to the same conclusion as the jury and that he agreed with the verdict.

The judgment and order are and each is affirmed.

Moore, P. J., and Wilson, J., concurred.