**TUCKER v. UNITED STATES.**
No. 14175.

United States Court of Appeals
Ninth Circuit.
July 20, 1954.

Reynold H. Colvin, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY, BONE and LEMMON, Circuit Judges.

BONE, Circuit Judge.

Appellant was convicted of violating Title 18 U.S.C.A. § 2113(a) and (d), the robbery of a Federal Savings and Loan Association in Berkeley, California, by the use of a dangerous weapon. It was stipulated that the Federal Savings and Loan Association had been robbed by an armed robber on December 7, 1951, and the sole factual issue in the case was whether the defendant was that robber.

To prove identity, the prosecution introduced defendant's fingerprints which were found upon the cash box in the bank, and four eyewitnesses of the robbery. In addition, the prosecution introduced a pistol which was owned by defendant during the time of the robbery, and an FBI "Wanted Circular" containing a picture of the defendant. The sole issues argued on this appeal involve the introduction of these latter two items of real evidence.

### The Pistol

Appellant was charged with armed robbery, and the prosecution elicited testimony that appellant was the person who committed the robbery while armed with a pistol. An FBI agent testified that at the time of the arrest of appellant a pistol was found in the glove compartment of his car. A second FBI agent testified that appellant admitted having possessed this pistol continuously up until the time of arrest from a period some time prior to the date of the robbery. The gun was introduced into evidence, but since there was no testimony to show that this was the gun which was used in the robbery, appellant asserts error in its admission. It is claimed that the only purpose and only effect was to prejudice the jury against him. Appellant cites Sorenson v. United States, 8 Cir., 168 F. 785, wherein it was held to be error to introduce weapons found upon a defendant 18 days after, and 19 miles distant from the robbery. However, the language of the court makes it clear that the situation there involved was different from the instant case, 168 F. at page 794:

"But the mere possession 18 days after the crime and 19 miles distant from the locus, without any proof of the presence of the defendant in the locality, or the employment of such articles in the commission of the crime, was not evidence of the defendant's complicity * * *."

The connecting evidence which was lacking in that case was present in this case, except that it was not here proven that this was *the* pistol which was used in the crime.

It is arguable that the admission of this evidence was improper. People v. Pianezzi, 1940, 42 Cal.App.2d 270, 278, 108 P.2d 685; People v. Yee Fook Din, 1895, 106 Cal. 163, 39 P. 530. But see Welch v. State, 143 Tex.Cr.R. 529, 154 S.W.2d 248, 155 S.W.2d 616; State v. Gunkel, 188 Wash. 528, 63 P.2d 376. In the Pianezzi case, supra, this exact question was presented, and although it was considered to be improper to have admitted the evidence, 108 P.2d at page 689 the court stated that it was not so prejudicial as to result in a miscarriage of justice, and therefore was not reversible error in

that case. See Calif.Constitution, Art. VI, § 4½. Inasmuch as appellant did not consider the introduction of the pistol sufficiently prejudicial at the trial to be worthy of an objection, and no objection was taken to its admission, nor was any motion made concerning the prejudicial effect, nor for a new trial, we are most disinclined to find that the claimed error, if error it was, was sufficiently prejudicial to warrant a reversal. Hemphill v. United States, 9 Cir., 1940, 112 F.2d 505, 507.

### The FBI Wanted Circular

The prosecution introduced an eyewitness to the robbery who had identified appellant in a police "line up." On cross-examination she was asked if she had been shown a photograph of appellant prior to the lineup, to which she responded that she had seen an FBI folder containing defendant's picture. Immediately thereafter the prosecution produced the FBI "Wanted Circular," the witness identified it as the one to which she had referred on cross-examination, and testimony was forthcoming to the effect that such circulars are routinely circulated among the Association employees almost daily. It was in this manner that the witness had come across the Circular. While it would be error to introduce such a Wanted Circular without provocation, or to influence the jury by way of showing probable previous reproachable conduct on the part of appellant, such was not the purpose here. On the contrary, this evidence was introduced to show that the witness had *not* been shown a picture of defendant in particular and then taken to a police "line up" to identify the person whose picture she had seen. This evidence did show that in the course of routinely passing over a number of such Wanted Circulars, she had identified appellant. It was eminently proper for the prosecution thus to dispel the inference raised by this witness' testimony on cross-examination that she had been shown a photograph of appellant prior to the "line up."

The judgment is affirmed.