[Crim. No. 5333.   Second Dist., Div. Two.   June 8, 1955.]

THE PEOPLE, Respondent, v. JAMES EDWARD JAMES et al., Appellants.

Jefferson & Jefferson for Appellants.

Edmund G. Brown, Attorney General, and James C. Maupin, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 245 of the Penal Code (assault by means of force likely to produce great bodily injury), after trial before the court without a jury, defendants appeal.

*Facts:*\* At approximately 12:45 a. m. on July 3, 1954, defendants were walking west on Fifth Street in Los Angeles. The complaining witness, Mr. Harris, who was also walking west passed defendants and stopped. Defendant Johnson struck him in the face, knocking him to the sidewalk, whereupon both defendants picked up Mr. Harris and dragged him into an alley at 521 East Fifth Street.

Police Officer Adams saw the assault, followed the two men into the alley where he found them bending over Mr. Harris who was lying between two parked cars. As Officer Adams approached, defendants began to run, but when he identified himself as a police officer, they stopped and were placed under arrest.

Mr. Harris was taken to the receiving hospital where he was treated for a possible nose fracture. He had a black eye, a few loose teeth and was bleeding about the face.

■ *Questions*: First: *Was there substantial evidence to support a judgment of conviction of assault by means of force likely to produce great bodily injury?*

*Yes.* The evidence of Police Officer Adams, coupled with the following two photographs [p. 480], which were taken of Mr. Harris approximately one hour after the assault, clearly sustain the trial court's finding that defendants were guilty of violating section 245 of the Penal Code in that they assaulted the complaining witness with intent to produce great bodily injury, and in fact had done so.

---

\*The evidence is viewed in the light most favorable to the People (respondent). See *People* v. *Pianezzi*, 42 Cal.App.2d 270, 277 [2] [108 P.2d 685] (hearing denied by the Supreme Court) and cases cited in 17 West's California Digest (1951), Criminal Law, § 1144(13), p. 280.

Further discussion of the evidence would serve no useful purpose. (See *Thatch* v. *Livingston,* 13 Cal.App.2d 202, 203 [56 P.2d 549].)

*People* v. *Fuentes,* 74 Cal.App.2d 737 [169 P.2d 391], relied on by defendants, is not here in point, for in such case the appellate court determined from the evidence that the injury inflicted did not create "great bodily injury." It is evident in the present case the injury did create "great bodily injury."

■ Second: *Was the evidence sufficient to sustain a judgment of guilty as to defendant James E. James?*

*Yes.* This defendant contends that the evidence is insufficient to sustain the conviction against him because there is no evidence to show that he struck Mr. Harris, but merely that he was present when his codefendant struck him. This argument is devoid of merit. In the present case the evidence disclosed that defendant James, though he did not strike Mr. Harris, aided and abetted and assisted his codefendant, who did strike him, in carrying the victim into the alley and when the police officer arrived both defendants were bending over their victim.

Section 31 of the Penal Code reads in part as follows: "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, . . . are principals in any crime so committed."

Clearly under this provision of the code defendant James was a principal since he aided and abetted his codefendant

in the commission of the crime by dragging the victim into the alley and bending over him after he had been assaulted.

 Likewise it is established that where a defendant having knowledge of the commission of a crime without being accused immediately thereafter takes flight to avoid arrest, such action constitutes some evidence of consciousness of guilt. (*People* v. *Waller*, 14 Cal.2d 693, 701 [5] et seq. [96 P.2d 344], and cases cited in 15 West's Cal.Dig. (1951), Crim. Law, § 351(3), p. 320.)

The uncontradicted evidence in the instant case discloses that when the police officer called to James, both he and his codefendant started to flee and stopped only when they were informed that Mr. Adams was a police officer.

The record discloses that defendants had a fair and impartial trial.

Affirmed.

Fox, J., concurred.