[Crim. No. 6507.   In Bank.   Dec. 22, 1959.]

THE PEOPLE, Respondent, v. DONALD LESTER WILLIAMS, Appellant.

Donald Lester Williams, in pro. per., and Alvin L. Anderson, under appointment by the Supreme Court, for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

SPENCE, J.—Defendant Williams and one Frank Souza were jointly charged with robbery while armed with a deadly weapon. (Pen. Code, § 211a.) Williams was also charged with two prior felony convictions. Williams pleaded not guilty to the robbery charge and admitted the two priors. Following a jury trial, Williams was found guilty of robbery in the first degree. He appeals from the judgment of conviction. Since the transfer of the cause to this court, the record has been augmented and counsel has been appointed for defendant Williams pursuant to motions made by said defendant.

As grounds for reversal, defendant Williams contends: (1) that the evidence was insufficient to establish his identity as one of the perpetrators of the crime; (2) that the district attorney was guilty of misconduct in presenting evidence allegedly designed to ''degrade and prejudice'' defendant before the jury; (3) that the trial court erred in admitting certain testimony referable to an earlier trial involving defendant; and (4) that the trial court erred in admitting in evidence certain exhibits. Our review of the record leads to the conclusion that these contentions cannot be sustained.

On August 7, 1958, at about 1 p. m., two men drove a red and white 1957 Dodge Lancer sedan into a parking lot in front of the Seaboard Finance Company in Fresno. They left the car and entered Seaboard's office, each carrying a drawn gun. While one stood guard in the middle of the office lobby, the other went behind the cashier's counter and took the money from the cash drawers. The robbery took about 10 minutes. Each man wore a handkerchief over the lower part of his face, sunglasses, a hat or cap, and gloves. In the course of the robbery, the handkerchief dropped off the face of one of the men—later identified as Souza. As the two men drove out of the parking lot, one of Seaboard's employees noted the license number of the car.

The next day two women employed in Seaboard's office at the time of the robbery picked Williams and Souza from

two police line-ups in Modesto. Their identification testimony concerning Williams was based primarily on his unusual profile—pointed features and a large nose, which they testified could be seen under his handkerchief mask—his thin build, stature and slouch walk. Another Seaboard employee present during the robbery corroborated their identification of Williams on the basis of these distinguishing physical characteristics. They all further testified that Williams was the driver of the car.

The manager of a used car lot in Modesto testified that on August 5, 1958, a red and white 1957 Dodge Lancer sedan (later identified as the car used in the robbery) had disappeared from his lot, and that he reported it as missing to the police on August 6th. He further testified that he had known Williams from several past dealings, and that in the latter part of June, 1958 (six weeks before the robbery), Williams had tried to negotiate a trade on this particular 1957 Dodge Lancer sedan. He also stated that it was his regular practice to have the 1957 and newer cars on the lot washed twice a week, and wiped every other day. Toward evening of August 7, 1958, the police found the missing Dodge Lancer sedan in the outskirts of Modesto. Several latent fingerprints were found on the car, and a fingerprint expert identified them as those of Williams and Souza. The expert further testified that the fingerprints were recently made; that they could not reasonably have stayed on the car for some four or five weeks if the car had been normally washed as it stood on the used car lot; and that a fingerprint will not remain in existence for more than a day or two if exposed to hot, dry conditions.

On August 8, 1958, the police arrested Souza at his home in Ripon. A search was then made of Souza's car and the trunk thereof. The police there found a box containing two .45 calibre automatics, several county maps, a pair of trousers, a gunny sack, some gloves and some plastic material in which the automatics were wrapped. A cap and a pair of dark glasses were also found in the car.

Williams did not take the witness stand. His 11-year-old daughter, after testifying to certain events in which she participated with her father on August 5 and 6, 1958, admitted on cross-examination that Souza had picked up her father at their home on August 7 at about 8 or 8:30 a. m. As an alibi witness, a woman who rented a room in the home of Williams'

mother in Modesto, testified that she saw and talked to Williams there about 1:25 p. m. on August 7th.

It thus appears that there was ample evidence to support the finding of the jury that Williams was one of the two men who committed the robbery in question. Three of Seaboard's employees present during the robbery positively identified him. Any claimed weakness in their identification testimony because of the handkerchief masks worn by the robbers was a matter for argument to the jury, and cannot be effectively urged on appeal. (*People* v. *Farrington*, 213 Cal. 459, 463 [2 P.2d 814]; *People* v. *Arenas*, 128 Cal.App.2d 594, 601 [275 P.2d 811]; *People* v. *Best*, 43 Cal.App.2d 100, 103 [110 P.2d 504]; *People* v. *Pianezzi*, 42 Cal.App.2d 270, 277 [108 P.2d 685].) Moreover, in addition to this positive eye-witness testimony, another strong circumstance was the finding of Williams' fingerprints on the driver's door of the Dodge Lancer sedan used in the robbery. (*People* v. *Riser*, 47 Cal.2d 566, 589 [305 P.2d 1]; *People* v. *Adamson*, 27 Cal.2d 478, 495 [165 P.2d 3].) It is further significant that Williams failed to take the witness stand to deny or explain the overwhelming evidence introduced against him. (*People* v. *Ashley*, 42 Cal.2d 246, 268 [267 P.2d 271]; *People* v. *Adamson, supra,* 27 Cal.2d 478, 488-489.) The rejection of the alibi testimony on behalf of Williams was a matter for the jury's consideration in the light of the conflicting evidence, and its determination will not be disturbed on appeal. (*People* v. *Pianezzi, supra,* 42 Cal.App.2d 270, 277-278.) In these circumstances, Williams' challenge of the sufficiency of the identification evidence cannot prevail. (*People* v. *Hightower*, 40 Cal.App.2d 102, 106-107 [104 P.2d 378].)

Nor is there merit to Williams' claim that the district attorney was guilty of misconduct in presenting evidence designed to "degrade and prejudice" him before the jury. His first complaint relates to the presentation and identification of the official file in the earlier Stanislaus County trial proceedings relative to the theft of the Dodge Lancer sedan which was used in the robbery. The file itself was not introduced in evidence, but certain fingerprint cards and photograph enlargements were taken therefrom and admitted as exhibits in connection with the fingerprint expert's testimony. This evidence was relevant, and no objection was made to the respective exhibits as they were offered in evidence. Nor does it appear that there was any error in the identification

at the trial of certain articles found in the trunk of Souza's car at the time of his arrest, when they searched his home and the premises. The articles to which reference is here made—the plastic material in which the automatics were wrapped, a pair of trousers, and a match box—were not offered in evidence but were simply identified by the officer who made the search of Souza's car; and no objection was made to this procedure at the trial.

Williams next argues that evidence of another crime was improperly introduced against him. He first cites as misconduct the district attorney's questioning of two of the prosecution witnesses as to whether they ever had previous contact with Williams. One witness was the manager of the used car lot, who had identified the Dodge Lancer sedan used in the robbery as belonging to him and said that he had previously seen Williams at the trial on the stolen car. The other witness was the fingerprint expert, who had identified Williams' handprints on the car and said that he had similarly testified at the previous Stanislaus County trial regarding the stolen car "connected with this case." But the fact of theft of the Dodge Lancer sedan used in the robbery was repeatedly before the jury in connection with the accomplishment of the crime here involved, and there would seem to be no error in admitting these particular statements as an added reference along the same line even though they did connect Williams with another crime. (See *People* v. *Riser, supra,* 47 Cal.2d 566, 578.) Moreover, no objection was made to the statements in the trial court, and it may not now be urged for the first time on appeal that the trial court erred· in admitting them in evidence. (3 Cal.Jur.2d, Appeal and Error, § 143, p. 609; *People* v. *Turville,* 51 Cal.2d 620, 635 [335 P.2d 678].)

Finally, Williams attacks the propriety of the court's admission of certain exhibits in evidence—the two .45 calibre automatic guns, two pairs of gloves, a cap, a pair of sunglasses, some county maps, and the cardboard box and gunny sack in which said articles were found by the police in the trunk of Souza's car at the time of his arrest. One of Seaboard's employees identified the guns as "similar—identical" to the ones used in the robbery. (*People* v. *Ferdinand,* 194 Cal. 555, 563 [229 P. 341]; *People* v. *Pianezzi,* 42 Cal.App.2d 265, 269 [108 P.2d 732].) Likewise, the gloves, cap, and sunglasses were similarly identified by Seaboard's employees in describ-

ing the happening of the robbery. The circumstances of the police's finding of these articles, along with the county maps, box and gunny sack had been fully described before the jury, and the weight to be given such evidence was a matter for the jury's determination in the light of testimony connecting Williams with Souza in the participation of the robbery. (See *People* v. *Pianezzi, supra,* 42 Cal.App.2d 265, 269.) We therefore conclude that the trial court did not err in admitting these exhibits in evidence.

The judgment is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and White, J., concurred.

Appellant's petition for a rehearing was denied January 20, 1960.