[Crim. No. 4345. First Dist., Div. Three. Dec. 6, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ROY NATHANIEL SLOAN, Defendant and Appellant.

Barry M. Wally, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—Appellant was charged with robbery (Pen. Code, § 211), convicted by a jury, and appeals.

The record supports the following statement of facts: On October 1, 1962, at about 2:30 a.m., Earl Peterson, attendant at a service station in Oakland, was beaten and robbed by two Negroes. The robbers walked into the service station premises and confronted Peterson in the office. One robber, later identified as appellant, held a gun on Peterson and the other battered him about the head, rendering him unconscious. A few moments after this attack, Lyle Marquardt, a tow truck operator and friend of Peterson, drove past the station. He saw a Negro in the station, but did not see Peterson. Marquardt turned his truck around, drove it into the

service station, and again saw a Negro. A few moments later he saw two Negroes leave the station, walking rapidly, and Marquardt followed them in his truck, and when he lost them he called the police.

Peterson recovered consciousness during the robbery, and although instructed by the robbers to keep his face to the floor, he got a glimpse of one robber as the robbery progressed. Later, during the evening of the day the robbery took place, Peterson and Marquardt attended a police lineup which included appellant and four other men, all Negroes. Marquardt identified appellant as one of the robbers. Peterson withheld identification at that time, but about a month later identified appellant from certain mug pictures shown to him by the police. At trial, both Peterson and Marquardt identified appellant. Appellant denied the offense charged, and produced two alibi witnesses, one his wife, the other his mother. His witnesses testified that appellant was at home at the time of the robbery.

■ Appellant first contends there is no support for the judgment of conviction because the evidence as to his identity as one of the robbers is insufficient. ■ Appellant recognizes the well settled rule that on appeal we must view the evidence in the light most favorable to the respondent (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]) and that if substantial evidence supports the jury's finding, such finding must be sustained. (*People* v. *Jones,* 36 Cal.2d 373, 375 [224 P.2d 353]; *People* v. *Molarius,* 213 Cal.App.2d 10, 15 [28 Cal.Rptr. 541].) ■ Here there is substantial evidence to support the finding that appellant was one of the robbers. One witness identified him at the police lineup, and both witnesses to the robbery identified appellant at trial. Appellant attacks the testimony of these witnesses, however, and calls it weak and contradictory. Here he points to failure of Peterson to identify appellant at the lineup, and to statements of Marquardt given to the police describing the robber as a dark Negro, 6 feet 2 or 3 inches tall, with no mustache. A photograph of the lineup in which appellant appears shows him to be a Negro of medium dark complexion, 6 feet in height, with a thin line mustache. Thus there is some difference between Marquardt's description given to the police and appellant's actual appearance; yet when appellant stepped into the lineup, as the last man to enter it, Marquardt readily identified him as one of the robbers. At any rate, if there was any weakness in the identification testimony it was a matter

for argument to the jury and consideration by that body, and where, as here, the jury has accepted the testimony and made a finding in accordance with it, the finding cannot be successfully attacked on the ground that it lacks support in the evidence. (See *People* v. *Williams,* 53 Cal.2d 299, 303 [1 Cal. Rptr. 321, 347 P.2d 665].)

Appellant also contends there was prejudicial misconduct on the part of the prosecuting attorney. Appellant testified that he had been in San Francisco on September 30th with his wife and friends; that they returned about 7 p.m. and he remained at home the rest of the night. Appellant's wife had stated to investigating officers that the San Francisco trip was made on September 30th. In her trial testimony, however, she stated, in substance, that the trip had been made September 23d and that when she told the officers the trip was made on the 30th she meant the 23d. It appeared that appellant had previously been charged and tried for robbery in Santa Clara County. In that trial appellant's wife had testified the San Francisco trip was made September 23d. Thus her testimony was consistent with her testimony in another trial, but inconsistent with statements made to the police the day of the robbery of which appellant has been convicted. The Santa Clara County proceedings were the subject of an offer of proof made by the prosecuting attorney in the absence of the jury and rejected by the trial judge. Appellant's counsel argued that appellant's wife was simply mistaken when she told investigating officers the San Francisco trip had been made September 30th. The prosecuting attorney, however, implied she had lied, stating to the jury: "There may be some other motive for what she said." Later he commented: "Unfortunately, I cannot argue to you as to what the motive might have been, but was it a willful lie?" Appellant objected to these comments and cited them as misconduct. It is misconduct, as the Attorney General readily admits, for the prosecutor to imply facts not in evidence. (See *People* v. *Beal,* 116 Cal.App.2d 475 [254 P.2d 100].) It is not misconduct, however, for the prosecutor to comment on the credibility of defense witnesses, if such comments are based on the evidence. (*People* v. *Baker,* 207 Cal.App.2d 717, 723 [24 Cal.Rptr. 691]; see also *People* v. *Perez,* 58 Cal.2d 229, 245-247 [23 Cal.Rptr. 569, 373 P.2d 617].) Here it is possible to construe the prosecutor's comments as implying facts known to him and not in the evidence, which might suggest that appellant's wife was

lying and that she had a motive for not telling the truth. It is also possible to construe his remarks as comment on the inconsistency between what she told the police and what she told the jury. Since the Santa Clara County proceeding was referred to only in chambers, and was not mentioned to the jury, there is no reason to think that anything concerning it was inferable by the jurors from the prosecutor's statement. Thus, even though the prosecutor's comments be labeled misconduct, it is of a trivial and inconsequential nature and cannot aid appellant here. No prejudice appears. Reversal of the judgment would not be proper unless it appears reasonably probable that, absent the claimed misconduct, a result more favorable to appellant would be reached on retrial. (See *People* v. *Watson,* 46 Cal.2d 818, 834-837 [299 P.2d 243].) We do not regard the case as a close one, unless it may be said that any case in which there is a conflict between the testimony of eyewitnesses and that of alibi witnesses is a close case. On the evidence in the record before us, and quite apart from the challenged comments of the prosecutor, any finding other than that of guilt seems highly improbable.

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied December 30, 1963, and appellant's petition for a hearing by the Supreme Court was denied January 29, 1964.