[Crim. No. 4357. First Dist., Div. Three. Dec. 13, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN R. BOOKHAMMER, Defendant and Appellant.

Harold B. Hove for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Barry L. Bunshoft, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—Appellant was charged with attempted robbery, tried before the court without a jury, convicted, and appeals from the judgment. Since one of appellant's contentions is that the evidence is insufficient to support the judgment we set forth the facts as they appear in the record.

On April 30, 1962, at about 2:15 a.m., two patrons, one Harry Coater and the other Mrs. Bersell, left the Wishing Well bar in Castro Valley. William Fehr, also a patron, and Louis Ridgway, the bartender, followed. Coater and Mrs. Bersell were stopped by two men, one of whom wore a mask and had a gun. The armed and masked man announced a holdup and demanded that everyone return to the bar. Ridg-

way was ordered to open the door. He pretended to drop his keys, and in picking them up struck the masked man in the face. A general encounter then took place, during which the masked man lost his mask, and Ridgway got a look at him. Later Ridgway was rendered unconscious by a blow on the head, and the two robbers fled.

Warren Breilh lived about a mile from the Wishing Well bar. He testified that appellant and a companion came to his home in the latter part of April 1962, some time after 2 a.m. They told him they had been in a fight at the Wishing Well bar and asked him to drive them to San Leandro, some 7 or 8 miles distant, where they had parked their car.

About two weeks after the attempted robbery, Ridgway picked out appellant's picture from a police file, and still later picked out appellant from a police lineup. At trial Ridgway positively identified appellant as the masked man with whom he had struggled at the scene of the attempted robbery. At trial Mr. Fehr also made a partial identification of appellant by giving a description of the robber's height, weight, color and hair color. His description was similar to that given by Ridgway and generally described appellant.

This brief statement of the evidence before the trial judge is entirely sufficient to support the judgment. ██ We must look at the evidence in the light most favorable to respondent (*People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778]), and we may not reverse unless it clearly appears that there is no substantial evidence to support the judgment. ██ Appellant concedes that an attempted robbery occurred at the time and place mentioned in the statement of facts. His main attack upon the sufficiency of the evidence relates to his being identified as one of the robbers by Ridgway and Fehr. ██ However, it is the function of the trier of fact to pass upon the strength or weakness of the identification testimony, and to resolve that issue. (*People* v. *DeWitt*, 98 Cal.App.2d 709, 714 [220 P.2d 981].) ██ Here the trial judge had before him positive testimony of one of the intended victims that appellant was one of the robbers, and testimony of another which strongly tended to identify appellant as a party to the crime. ██ Where, as here, the trier of fact has accepted the identification testimony and made a finding in accordance with it, such finding cannot be effectively attacked on appeal on the ground that it is not supported by the evidence. (*People* v. *Williams,* 53 Cal.2d 299, 303 [1 Cal. Rptr. 321, 347 P.2d 665].)

■ Appellant argues that the prosecution failed to call all of its witnesses on the question of identification; that this amounts to a wilful suppression of evidence; that it must be presumed that such evidence was wilfully suppressed and hence adverse to respondent's case. In support of this contention, appellant points to the prosecution's failure to call Mrs. Bersell and Harry Coater as witnesses. We find no merit in this argument. The prosecution was not bound to call every witness who might have had something to say on the question of identification. The prosecution fairly presented substantial material evidence on the issue and that is all that is required. (See *People* v. *Wein*, 50 Cal.2d 383, 403 [326 P.2d 457].) Nothing in the record suggests any wilful suppression of evidence, such as is described in Code of Civil Procedure section 1963, subdivision 5. Appellant had knowledge of other persons present at the time and place of the attempted robbery, and there is no reason why he could not have called them as his own witnesses if he believed their testimony would have been helpful in his defense. (See *People* v. *Herrera*, 171 Cal.App.2d 551, 558 [340 P.2d 690].)

■ Appellant also objects to the examination of witnesses by the trial judge. There is so little merit in this point that it scarcely requires mention. This was a trial before the court. No jury was present to be influenced by any question asked by the trial judge. Since the judge was required to find the facts it was his right and duty to make proper inquiry of the witnesses to ascertain the truth or falsity of the charges against appellant. We have examined each question propounded by the judge and challenged by appellant, and all seem reasonable and fair to us when considered in the context of the trial. They reveal a conscientious effort on the part of the trial judge to ascertain the facts in order that he might properly discharge the duties imposed upon him by appellant's waiver of his right to trial by jury.

■ Appellant also charges the trial judge with misconduct. His claim here is that the judge had previously considered the case of the witness Breilh on a charge of felony; that Breilh had been found guilty; that the probation officer recommended that probation be denied; that at the hearing on Breilh's application for probation the prosecuting attorney had informed the court that Breilh had cooperated with the authorities and was to cooperate further by offering testimony in appellant's case and hence the prosecution recommended probation. Appellant then implies that Breilh was

caused to believe the judge would revoke his probation unless he gave damaging testimony against appellant, and further that Breilh's testimony was perjured and in part forced by questions from the trial judge. It is a complete answer to these charges and the inferences which appellant appears to draw from them to state that they are entirely unsupported in the record. It may be true, as appellant contends, that the witness Breilh was placed on probation by the judge who tried appellant's case, and it may also be true that in doing so the judge rejected the recommendation of the probation officer and accepted that of the prosecution. This in no way indicates any impropriety on the part of the trial judge. When Breilh testified against appellant he related the fact of appellant's early morning visit in late April, and told of appellant's statements about being in a fight at the Wishing Well bar. At this point in the testimony of the witness the judge did ask a few questions. He asked the witness to state his observations of appellant, to describe the condition of appellant's clothing, and to fix the date of appellant's visit. We find nothing here to suggest the slightest impropriety on the part of the trial judge, and nothing at all to support the charge that Breilh believed his probation depended upon the character of his testimony at appellant's trial.

The attempted appeal from the order denying motion for new trial is dismissed. The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.