[Crim. No. 10614.   Second Dist., Div. Two.   Mar. 22, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. CARVREY M. DAVIS, JR., Defendant and Appellant.

Charles B. Johnson for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert F. Samoian, Deputy Attorney General, for Plaintiff and Respondent.

FLEMING, J.—Carvrey M. Davis, Jr., was convicted of first degree robbery (Pen. Code, § 211), attempted robbery (Pen. Code, §§ 211, 664), and two counts of assault with a deadly weapon (Pen. Code, § 245). He appeals, urging insufficiency of the evidence to support the verdict.

The convictions resulted from two separate holdups. On May 7, 1964, a liquor and grocery store was held up by two gunmen. One entered the store about 10 p.m., laid a rifle on the counter, and commanded Charles Meehan, the clerk, and a woman assistant to get on the floor. The second then entered, emptied the cash register, and took a gun and four bottles of liquor. Meehan testified the store was brightly lit, he saw the second robber clearly from a distance of 18 inches, and Davis was the second robber. A witness who had gone to high school with Davis testified he saw him leaving the store at the time of the robbery. In defense, Davis' wife testified she came home about 10 minutes after the time of the robbery and her husband, who was not fully dressed, let her into the house. In rebuttal, the investigating officer testified that Davis had said he had gone out to play pool on May 7 but couldn't recall whom he had played with, what time he had gone out, or where he had been. Davis on the stand denied making these statements, but another police officer corroborated the testimony of the investigating officer.

On May 11, 1964, Welch's grocery store was held up. Mr. and Mrs. Welch were preparing to close at 6:20 p.m. when they saw two men in the rear of the store. When the men were asked what they wanted, one said, "Get down or I will kill

you.'' When Mr. Welch did not get down, one of the men grabbed him and hit him with a gun, inflicting a scalp wound which required 10 to 12 stitches. He also struck Mrs. Welch and fired a shot which missed. The robbers then fled the scene. Both Mr. and Mrs. Welch testified that Davis was the man who had attacked them. Another witness, a young girl, positively identified Davis as one of the men who ran from the store. Defendant's cellmate at the Pasadena city jail testified that defendant had told him about the holdup and admitted he ''pulled a gig.''

For the defense, Davis and his sister and his mother testified that he had been watching television at his sister's house at the time of the Welch holdup. Two other persons who had been near Welch's grocery testified they did not think Davis was one of the men they saw running from the store. In rebuttal, the investigating officer testified Davis had said he was home all evening. Davis on the stand denied having made this statement, but another officer corroborated the investigating officer.

■ Concerning the sufficiency of the evidence—two witnesses identified Davis as one of the men who had robbed Meehan, and three witnesses identified him as one of those who had attempted the robbery of Mr. and Mrs. Welch. With such identification, the jury's findings cannot be considered unsupported by the evidence. (*People* v. *Williams,* 53 Cal.2d 299, 303 [1 Cal.Rptr. 321, 347 P.2d 665] ; *People* v. *Bookhammer,* 223 Cal.App.2d 278, 280 [35 Cal.Rptr. 779].) The testimony of a single witness, if not inherently incredible, is sufficient evidence to support a conviction for robbery. (*People* v. *Whitson,* 5 Cal.2d 593, 600-601, 604 [154 P.2d 867] ; *People* v. *Reese,* 220 Cal.App.2d 143, 145 [33 Cal.Rptr. 561].) There was ample evidence of defendant's guilt in both holdups.

■ Davis' statements at the police station on the day he was arrested were used on rebuttal to impeach his alibi defense on both robberies. The record does not show whether at the time of his questioning at the station he had been advised of his right to remain silent and his right to counsel in accordance with the rule of *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. But since his statements were only used to impeach the credibility of his testimony on collateral matters by a showing of prior inconsistent statements, their admissibility is not affected by the prohibition against the use of unconstitutionally-obtained evidence. (*Walder* v. *United States,* 347 U.S. 62 [74 S.Ct. 354, 98 L.Ed. 503] ;

*People* v. *Ebner,* 64 Cal.2d 297 [49 Cal.Rptr. 690, 411 P.2d 578] (Crim. 9079, filed Mar. 14, 1966); *United States* v. *Curry* (2d Cir. Dec. 22, 1965) 358 F.2d 904.) ■ As the court said in *Curry* (p. 910): ". . . there is no justification for letting a defendant affirmatively resort to perjured testimony as to collateral matters in reliance upon the government's inability to challenge his credibility." Even had it been error to allow the officers' rebuttal testimony, it is not reasonably probable that a different result would have been reached if the testimony had been excluded. (Cal. Const., art. VI, § 4½; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

■ Davis was sentenced to prison on all four counts. His sentences on count one (the Meehan robbery), count two (attempted robbery of Mr. and Mrs. Welch), and count four (assault on Mrs. Welch) were ordered to run concurrently with each other, and his sentence on count three (assault on Mr. Welch) was ordered to run consecutively to the others. Since at least one of the assaults was committed in the course of and as a means of effectuating the attempted robbery, it was multiple punishment (Pen. Code, § 654) for the trial court to sentence Davis on the attempted robbery count and on both assault counts. (*People* v. *Ridley,* 63 Cal.2d 671, 677-678 [47 Cal.Rptr. 796, 408 P.2d 124]; *People* v. *Hicks,* 63 Cal.2d 764 [48 Cal.Rptr. 139, 408 P.2d 747]; *In re Cruz,* 64 Cal.2d 178 [49 Cal.Rptr. 289, 410 P.2d 825].)

Section 654 provides that "An act or omission which is made punishable in different ways by different provisions of this code may be punished under *either* of such provisions, but in no case can it be punished under more than one. . . ." (Italics added.) "The section applies not only where one act in the ordinary sense is involved but also where there is a course of conduct that violates more than one statute and comprises an indivisible transaction." (*People* v. *Ridley,* 63 Cal. 2d 671, 677 [47 Cal.Rptr. 796, 408 P.2d 124].) ■ Thus, if an assault is committed as a means of perpetrating robbery and is incident to the objective of robbery, the defendant may only be sentenced for the more serious offense, since the lesser offense is swallowed up by the greater offense. (*People* v. *Ridley,* 63 Cal.2d 671, 678 [47 Cal.Rptr. 796, 408 P.2d 124].) ■ Section 654 does not apply, however, when a person commits an act of violence with the intent to harm more than one person or by means likely to cause harm to several persons, for this conduct is more culpable than conduct

which only harms one person. (*Neal* v. *State*, 55 Cal.2d 11, 20-21 [9 Cal.Rptr. 607, 357 P.2d 839].) ■ When multiple assaults are committed in the course of an attempted robbery, multiple punishment is proper for each assault which is not incident to the robbery objective, for such senseless violence is severable from the robbery itself and constitutes additional offenses for which greater punishment can be given. (*People* v. *Ridley*, 63 Cal.2d 671, 678 [47 Cal.Rptr. 796, 408 P.2d 124]; *In re Cruz*, 64 Cal.2d 178, 180-181 [49 Cal.Rptr. 289, 410 P.2d 825].)

■ In this case, one of the assaults was clearly incident to the robbery objective, for attempted robbery cannot be committed without the use of force or fear against the person. (Pen. Code, § 211.) The other assault was not necessarily incident to the robbery objective, and "Section 654 is not 'applicable where . . . one act has two results each of which is an act of violence against the person of a separate individual.'" (*People* v. *Ridley*, 63 Cal.2d 671, 678 [47 Cal.Rptr. 796, 408 P.2d 124].) ■ The trial court therefore had the power to sentence Davis, in addition to the sentence for the unrelated robbery, for attempted robbery and for one assault, and the trial court could make the sentences run concurrently or consecutively. The maximum possible sentence, disregarding the unrelated robbery, would be consecutive sentences for attempted robbery (20 years) and for one assault (10 years). The trial court imposed such consecutive sentences for attempted robbery and for assault on Mr. Welch under count three, but additionally imposed a concurrent sentence for assault on Mrs. Welch under count four. Our proper course is to vacate the sentence on the concurrent assault count and thereby uphold the judgment of the trial court to the maximum extent possible. (*In re Cruz*, 64 Cal.2d 178, 181 [49 Cal.Rptr. 289, 410 P.2d 825].)

We therefore vacate the judgment imposing sentence on count four, the assault on Mrs. Welch, and affirm the judgment imposing sentence on counts one, two, and three. The judgment of conviction on all four counts is affirmed.

The purported appeal from the order denying a motion for a new trial is nonappealable and is therefore dismissed.

Roth, P. J., and Herndon, J., concurred.