[Crim. No. 36272. Second Dist., Div. Four. Oct. 2, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
ARNOLDO C. VIZCARRA, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, William Blum and Russell I. Lynn, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WOODS, J.**—By virtue of joinder of informations, the appellant has been charged with five counts of robbery, in violation of Penal Code section 211 (counts I, II, IV, V and VI), and one count of attempted robbery, in violation of Penal Code sections 664/211 (count III). In each count, except count VI, it was alleged that, in the commission and attempted commission of the offenses, appellant personally used a firearm, to wit, a rifle, within the meaning of Penal Code sections 12022.5 and 1203.06, subdivision (a)(1). Counts IV, V and VI alleged an armed allegation pursuant to Penal Code section 12022, subdivision (a). Appellant pleaded not guilty to all counts and denied the armed use allegations.

Appellant's motion pursuant to Penal Code section 1538.5 was denied. A jury trial was held. Appellant's motion pursuant to Penal Code section 1118.1 for judgment of acquittal as to count VI was denied. The People's motion to strike the armed allegations as to counts IV and V was granted. Appellant was found guilty on all counts, the jury also

sustained the use allegations in counts I through V and the armed allegation in count VI.

Probation was denied and appellant was sentenced to state prison for a term of 14 years. On count I, appellant was sentenced to five years, plus two additional years for the use allegation, for a total of seven years. On counts II, IV, V and VI, appellant received consecutive sentences consisting of one-third of the middle base term, one year for each count, or a total of four years. This sentence was consecutive to count I. On count III, appellant received a consecutive sentence consisting of one-third of the middle base term or eight months. On counts II, IV and V, appellant received an eight months' enhancement as to each count for the firearm use for an additional consecutive sentence of two years and a consecutive four months' enhancement for the armed allegation on count VI. The firearm use allegation as to count III was ordered stayed.

Appellant's brief alleges that there was insufficient evidence to support the attempted robbery conviction in count III and challenges in several respects the sentences imposed.

I

Appellant contends that there is insufficient evidence to support his conviction of attempted robbery as there was no overt act proved. We disagree.

Appellant's statement of the law is correct. In order to establish attempted robbery, the People must prove specific intent to commit robbery and a direct unequivocal overt act toward its commission. This act must go beyond mere preparation.

The thrust of appellant's argument is twofold. He appears to argue that since Mr. Vizcarra did not enter the liquor store, his conduct could not constitute more than mere preparation; relying on *People* v. *Davis* (1966) 241 Cal.App.2d 51 [50 Cal.Rptr. 215], he contends that the potential victim was therefore never subjected to force or fear.

The record in the instant case reflects that the appellant went to the Red Vest Liquor Store at night wearing a poncho and carrying a rifle. He was standing on a small walkway approximately four feet wide in front of the liquor store door when a customer, Mr. Craddock, came

onto the walkway. The appellant immediately turned away from Mr. Craddock, so that his nose was right up against the block wall, and Mr. Craddock observed his peculiar behavior and the butt of a rifle protruding from his poncho. Appellant, who had parked across the street from the liquor store, returned to his car. Later he again drove past the liquor store.

Approaching the liquor store with a rifle and attempting to hide on the pathway immediately adjacent to the liquor store when observed by a customer, is in the opinion of this court a sufficient direct act toward the accomplishment of the robbery. As stated in *People v. Miles* (1969) 272 Cal.App.2d 212, 218 [77 Cal.Rptr. 89], the acts of proximity need not include the last proximate act for the completion of the crime. It is sufficient that the overt acts reach far enough for the accomplishment of the offense to amount to the "*commencement* of its consummation." (*People v. Lanzit* (1925) 70 Cal.App. 498, 505 [233 P. 816]; *People v. Gibson* (1949) 94 Cal.App.2d 468 [210 P.2d 747]; *People v. Parrish* (1948) 87 Cal.App.2d 853 [197 P.2d 804].) Climbing up on a second story balcony and approaching the doors which led therefrom to the intended victim's bedroom and then making his escape without ever entering the bedroom, was held to be a sufficient act to constitute an attempted burglary in *People v. Gilbert* (1927) 86 Cal.App. 8 [260 P. 558], and in *People v. Machen* (1935) 3 Cal.App.2d 499 [39 P.2d 893], a defendant, who at the time of his arrest had his hands raised up against the screen of an apartment house, was found guilty of attempted burglary, and this conviction was upheld on appeal. In *People v. Parrish, supra*, 87 Cal.App.2d 853, going to the home of his wife with a loaded gun and listening outside to be sure that she was alone, was held a sufficient overt act to sustain a conviction of attempted murder.

It should further be noted that in none of the cases cited above was there an element of force or fear against the intended victim. ■ It is true that an element of force or fear must be proved in order to establish a conviction for robbery under Penal Code section 211. It is not necessary, however, for this element to be reflected in the overt act of an attempted robbery if the crime has not progressed to that point. We agree with the analysis in the respondent's brief, that the language relied upon in *People v. Davis, supra*, 241 Cal.App.2d 51, was part of the discussion that established that the assault, in that case, was in furtherance of the robbery and could not be charged as a separate offense under Penal Code section 654. Since a completed robbery would have required a force-and-fear element, an attempted robbery *may* also in-

clude this element of the offense, but it is erroneous to say that the crime *must* have progressed this far in order to constitute an attempt.

In determining whether a person has been guilty of attempted robbery, the courts are guided by the facts of each case as to when the defendant has gone further than mere preparation. In reported cases which have not discussed whether or not an element of force or fear is required in attempted robbery, convictions of attempted robbery have been upheld without this element having been proved. In *People* v. *Moran* (1912) 18 Cal.App. 209 [122 P. 969] a defendant, with intent to rob, pushed open the door of a saloon and fled because there was a large crowd within. He and his codefendant were later found with a scarf mask and a gun. The court held that the pushing open of the door constituted a sufficient overt act for attempted robbery. There was no element of force or fear proved against the intended victim. The federal court held, in *United States* v. *Stallworth* (2d Cir. 1976) 543 F.2d 1038 [37 A.L.R.Fed. 268] that defendants were properly convicted of attempted bank robbery where they had carried out a number of preparatory activities, including the securing of weapons, driving to the bank and making a move to enter the bank. There was no element of force or fear established. The court emphasized the importance of early intervention by the police. An attempt to commit the crime of robbery does not of itself necessarily amount to an assault and does not require assault as an essential element.

Knowing that an attempt to steal may be proved by inference from all of the circumstances of the case, appellant has not attempted to argue a lack of intent to commit robbery.

■ Applying the criteria of *Jackson* v. *Virginia* (1979) 443 U.S. 307 [61 L.Ed.2d 560, 99 S.Ct. 2781], the rational trier of fact was justified in finding that the essential elements of attempted robbery were proved beyond a reasonable doubt in the case before us. The conviction under count III is sustained.

## II

■ Appellant challenges the sentence imposed for the robbery conviction on count I, wherein the upper term of five years was selected based on the accomplice's use of a knife and threat of the victim, and the sentence was then enhanced for the appellant's use of a firearm under Penal Code section 12022.5.

We reject appellant's contention that this sentencing process equates with a dual weapons enhancement for a single offense violative of Penal Code section 1170.1, subdivision (d).[1] Only one weapons enhancement was imposed on count I, and that was for the use of the firearm by appellant in violation of Penal Code section 12022.5. This clearly is not violative of Penal Code section 1170.1, subdivision (d). The upper term was imposed upon entirely different facts, the use of the knife and the threats against the victim by the appellant's accomplice. The robbery was clearly aggravated by the conduct of the accomplice, and as provided in California Rules of Court, rule 421(a)(1), circumstance in aggravation includes the fact that: "The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness, whether or not charged or chargeable as an enhancement under section 12022.7." The conduct of the accomplice in "poking" a knife in Mr. Mezereny's side during the robbery and saying to him, "Be cool or I'll slice you," clearly constitutes a threat of great bodily harm and an aggravating circumstance.

The last contention of the appellant as to count I is that Penal Code section 12022, subdivision (b), and California Rules of Court, rule 421(a)(2) require that the dangerous weapon must be personally used by the defendant in order to warrant aggravation or enhancement. It is true that the subsections cited by the appellant refer to "the defendant," but these, of course, were not the subsections used by the court. The sentence imposed as to count I is affirmed.

### III

Appellant contends that the imposition of consecutive sentences on counts II through VI was improper. At the time of sentencing, the court stated: "I will take the more recent view that the determinate sentencing law has removed that prohibition against the use of the firearm twice where there are separate victims. As to Mr. Vizcarra, in view of the fact that multiple victims were involved in all of these Counts, consecutive sentences will be imposed."

---

[1] Penal Code section 1170.1, subdivision (d) provides: "When two or more enhancements under Sections 12022, 12022.5, and 12022.7 may be imposed for any single offense, only the greatest enhancement shall apply; however, in cases of robbery, rape or burglary, or attempted robbery, rape or burglary the court may impose both (1) one enhancement for weapons as provided in either Section 12022 or 12022.5 and (2) an enhancement for great bodily injury as provided in Section 12022.7."

Appellant attempts to persuade us that the reason given on the record for the imposition of the consecutive sentence is that each of these crimes involved multiple victims. The facts are that five of the six counts involved a single victim and if appellant's contention were correct, it would necessitate our remanding this case for a new probation and sentence hearing. It is clear, however, that the court was referring to each crime having a separate victim, the reference to multiple victims being a reference to all six crimes. The following statement made by the district attorney just prior to sentencing clarifies any confusion that might otherwise exist: "[Mr. Murphy:] In addition, we would ask the Court, because we are talking about separate robberies in each of the Counts now, even in Count I and II, which was the same location, we actually had two separate robberies. We had one robbery involving the store proceeds from the cash drawer, and in Count II, the robbery of the contents of the wallet from the second victim, I believe, Mike Codeus. For that reason and each of the six Counts, we would ask the Court to impose consecutive sentences in addition to the aggravated high term in Count I, and we would ask the Court to impose the consecutive sentence for the use allegation in all of the Counts where it was charged, your Honor, other than Count Three."

California Rules of Court, rule 425, establishes the criteria affecting concurrent or consecutive sentences. In compliance with rule 425(a) (1) and (5), these crimes and their objectives were predominantly independent of each other, and the convictions for which the sentences were being imposed were numerous. It should also be noted that, in imposing the consecutive sentences, the court was carrying out the recommendation of the probation department.

The imposition of the consecutive sentences on the subordinate counts II through VI are affirmed.

IV

■ Appellant next contends that enhancements imposed on counts II, IV and V, which alleged robbery with firearm use, in violation of Penal Code section 12022.5, are improper and must be stricken, because robbery with firearm use is not specifically listed in Penal Code section 667.5, subdivision (c). Appellant's authority for this position is the Supreme Court decision of *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], in which the court concluded that Penal Code section 1170.1, subdivision (a), permits enhancement in the

case of consecutive sentences only for those specific offenses listed in Penal Code section 667.5.

Appellant has made the same argument with respect to the subordinate robbery in count VI, and respondent concedes that as to count VI the enhancement is improper and must be stricken; it will not be discussed further.

Respondent argues, however, that as to counts II, IV and V, the use enhancements on robbery counts are proper despite the Supreme Court decision in *Harvey*. This argument is based on the fact that the act amending section 1170.1 and section 1203.08 provides in section 1, subdivision (c), as follows: "This act is intended to clarify and reemphasize what has been the legislative intent since July 1, 1977." The act then clearly specifies that violent felonies as defined in subdivision (c) and paragraph (8) of section 667.5 are covered by this act, and that "this act must take effect immediately." There is, however, no provision in the bill making it specifically retroactive. The question thus becomes whether the language in the bill relied on by the respondent is sufficient to overcome the basic principles of judicial review and the interpretation of the then existing section 667.5, subdivision (c), by the *Harvey* court. We think not.

The *Harvey* court concluded that Penal Code section 1170.1, subdivision (a), permits firearm-use enhancement under Penal Code section 12022.5 to be imposed on subordinate offenses ordered to run consecutively to principal offenses that were specifically listed in Penal Code section 667.5. Robbery with firearm use was not one of the offenses listed within that section. The court reasoned that to otherwise interpret section 1170.1 would "permit enhancement for firearm use *in any case involving firearm use*, thereby seeming to render wholly unnecessary the section's specific statutory reference to the various violent felonies described in section 667.5, subdivision (c)." (*People v. Harvey, supra*, 25 Cal.3d at p. 761, italics in original.) Despite the legislative protestation that it was always intended that those offenses described in paragraph (8) of subdivision (c) of section 667.5 should be included in this section, the section did not so state at the time of the sentencing of this defendant, and this defendant is entitled to the benefit of the judicial review which concluded that it was not so intended. The enhancement imposed under counts II, IV, V and VI must be stricken from appellant's sentence pursuant to the Supreme Court's ruling in *People v. Harvey*.

Appellant further contends that the firearm-use enhancement imposed under count II is improper because the robberies alleged in counts I and II occurred on the same occasion. Having already stricken this enhancement under the decision of *People* v. *Harvey, supra*, 25 Cal.3d 754, it is unnecessary to resolve this additional issue.

Appellant's convictions on counts I through VI are affirmed. Appellant's sentence on count I to the upper base term is affirmed. The order providing for consecutive sentences on counts II through VI is affirmed, and the enhancements imposed on counts II, IV, V and VI are stricken from this sentence.

As modified, the judgment is affirmed.

Kingsley, Acting P. J., and McClosky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 26, 1980. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.