Filed 1/15/21  P. v. Ricardo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091745 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE006222) |
| v. | |
| ROBERT DANIEL RICARDO, | |
| Defendant and Appellant. | |

Defendant Robert Daniel Ricardo fought a loss prevention officer while trying to remove merchandise from a store.  He was convicted of attempted robbery based on *People v. Estes* (1983) 147 Cal.App.3d 23 (*Estes*), which found a robbery occurs when force or fear is used to retain possession of stolen goods.  Defendant makes two related arguments on appeal:  (1) *Estes* is invalid because it improperly interprets the requirements for robbery; and (2) even if it is valid, there can be no crime of attempted *Estes* robbery.  We will affirm.

1

BACKGROUND

At a home improvement store, defendant took a can of spray paint, concealed a power tool in his jacket, and headed to one of the store's exits, away from the cash registers, before he was confronted by Timothy Tipton, a loss prevention officer. Defendant dropped the can of paint, but refused to drop the power tool when requested, and sprayed pepper spray towards Tipton, burning Tipton's face and eyes. Defendant then headed towards the parking lot. Tipton tried to stop defendant, and the two struggled, falling to the ground just outside the store. Two other shoppers then helped Tipton restrain defendant until sheriff's deputies arrived and arrested defendant. Defendant admitted he took product from the store because he understood their policy was to not chase thieves.

Defendant was charged with attempted robbery (Pen. Code, §§ 664, 211),[1] unlawful possession of tear gas by a convicted felon (§ 22810, subd. (a)), and unlawful use of tear gas (§ 22810, subd. (g)(1)). It further was alleged that defendant had three prior strike convictions (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2)).

After a jury trial, the jury found defendant guilty on all three counts. At sentencing, the trial court found the prior conviction allegations true and that they fell within the three strikes law. The trial court then sentenced defendant to the middle term of two years for attempted robbery, doubled to four years for the prior strike, plus eight months (one-third the midterm) for possession of tear gas, doubled to 16 months for the prior strike conviction, for a total term of five years four months. The court also imposed eight months (one-third the midterm) for unlawful use of tear gas but stayed this sentence pursuant to section 654.

---

[1]     Undesignated statutory references are to the Penal Code.

2

DISCUSSION

Defendant challenges his attempted robbery conviction, arguing *Estes* incorrectly expanded the scope of a robbery to include what would otherwise be a common law larceny, and that, when the law is correctly interpreted, there was insufficient evidence to support his attempted robbery conviction. Defendant also asserts that, assuming *Estes* is valid, there cannot be a crime of *attempted Estes* robbery. We disagree with both contentions.

Robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) An attempted robbery consists of two elements: (1) the specific intent to rob; and (2) a direct, unequivocal, but ineffectual, overt act towards the commission of the intended robbery. (*People v. Dillon* (1983) 34 Cal.3d 441, 454-456 & fn. 4; *People v. Vizcarra* (1980) 110 Cal.App.3d 858, 861.)

The court in *Estes* found that a thief who uses force or fear to retain stolen property has committed a robbery. (*Estes, supra*, 147 Cal.App.3d 23.) The defendant had walked out of a store with clothing he did not purchase, a security guard employed by the store confronted him outside, and the defendant pulled out a knife and threatened to kill the guard. (*Id*. at p. 26.) The defendant argued he did not commit a robbery because, in part, "the merchandise was not taken from the 'immediate presence' of the security guard." (*Id*. at p. 27.) The court disagreed because defendant had used force to retain possession of the merchandise, finding that "[b]y preventing the guard from regaining control over the merchandise, defendant is held to have taken the property as if the guard had actual possession of the goods in the first instance." (*Ibid*.)

In reaching its conclusion, the *Estes* court relied on *People v. Anderson* (1966) 64 Cal.2d 633, in which a defendant was found guilty of robbery after asking a salesperson to see a gun and ammunition, then loading the gun and robbing the shop. Though force or fear was not used to take possession of the gun, the Supreme Court found that "the

3

crime of robbery includes the element of asportation, the robber's escape with the loot being considered as important in the commission of the crime as gaining possession of the property." (*Id.* at p. 638.) The *Estes* court concluded, "as in *Anderson*, a robbery occurs when defendant uses force or fear in resisting attempts to regain the property or in attempting to remove the property from the owner's immediate presence regardless of the means by which defendant originally acquired the property." (*Estes, supra*, 147 Cal.App.3d at pp. 27-28.) Robberies in which force or fear are used against the victim to retain, as opposed to obtain, stolen goods are commonly referred to as " '*Estes* robberies.' " (*Miller v. Superior Court* (2004) 115 Cal.App.4th 216, 223.)

The initial hurdle for defendant is the validity of *Estes*. He asserts *Estes* is counter to the common law understanding of robbery, which required force or fear to obtain possession of the stolen goods. (See 3 LaFave, Substantive Criminal Law (3d ed. 2020) Offenses Against Property, § 20.3(e) ["under the traditional view it is not robbery to steal property without violence or intimidation"].) But, as defendant acknowledges, the Supreme Court has approved and adopted *Estes*'s analysis. (*People v. Gomez* (2008) 43 Cal.4th 249, 261 ["The force or fear element of robbery can be satisfied during either the caption or the asportation phase of the taking," citing *People v. Anderson, supra*, 64 Cal.2d at p. 638, and *Estes, supra*, 147 Cal.App.3d at p. 28]; *People v. Williams* (2013) 57 Cal.4th 776, 787 ["Because larceny is a continuing offense, a defendant who uses force or fear in an attempt to escape with property taken by larceny has committed robbery," citing *Estes*, at pp. 27-28].) We are bound by these decisions. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Defendant's secondary argument is that, assuming *Estes* is valid, there can be no crime of attempted *Estes* robbery because an *Estes* robbery is completed once force or fear is applied to the victim to retain the property. Defendant acknowledges there also is case law directly against this position in *People v. Robins* (2020) 44 Cal.App.5th 413 (*Robins*), but argues the analysis in *Robins* is flawed.

4

*Robins* involved an *Estes* robbery. The defendant's accomplice removed clothing from a store without paying, dropped all the merchandise during a confrontation with a loss prevention officer, and then defendant physically threatened the officer before escaping. (*Robins, supra*, 44 Cal.App.5th at p. 417.) "[E]ven though the evidence suggested a completed robbery," the trial proceeded only on the charge of attempted robbery because the evidence suggested the accomplice dropped the merchandise before confronting the officer. (*Id.* at p. 418.) On appeal, the defendant made the same arguments defendant does now: "the concept of an attempted *Estes* robbery is incoherent and cannot logically exist. And because the crime does not exist, the argument goes, defendant cannot be convicted of it." (*Ibid.*)

The key, the court found, was the concept of a "*successful attempt*" under section 663. (*Robins, supra*, 44 Cal.App.5th at p. 420.) This provision provides that "[a]ny person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was perpetrated by such person in pursuance of such attempt . . . ." (§ 663.) "As our high court explained, 'Under section 663, a defendant can be convicted of an attempt to commit a crime even though the crime, in fact, was completed.' [Citation.]" (*Robins*, at p. 420.) The court therefore rejected the assertion an attempted *Estes* robbery does not exist, explaining, "[E]ven if every attempted *Estes* robbery is necessarily a completed crime, the crime of attempt still exists and may be punished under section 663." (*Robins*, at p. 421.) The court added, "[W]e are loath to adopt a rule that would allow a defendant to go unpunished because he committed the greater offense and not the lesser." (*Ibid.*)

We find *Robins* persuasive and apply it here. The jury in this case was instructed that "[d]efendant may be guilty of attempt[ed] [robbery] even if you conclude that [robbery] was actually completed." This is a correct statement of the law. (*People v. Hubbard* (2020) 52 Cal.App.5th 555, 568 [" '[A] defendant can be convicted of an attempt to commit a crime even though the crime, in fact, was completed' "].) Thus,

5

even if defendant completed the robbery, defendant was properly convicted of an attempted robbery.

## DISPOSITION

The judgment is affirmed.


        KRAUSE        , J.


We concur:


       ROBIE        , Acting P. J.


       HOCH        , J.