Filed 10/3/22 P. v. Buford CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C092323 |
| v. | (Super. Ct. No. 16FE001713) |
| ANDREAS BUFORD et al., | |
| Defendants and Appellants. | |

Evidence was presented in this case that after defendants Johnathan Rivera and Andreas Buford approached F.S. at a taco stand and asked him about his money, Rivera shot F.S. twice.  A jury convicted Rivera of attempted murder and unlawful possession

1

of a firearm, found true firearm enhancement allegations, and convicted Rivera and Buford of attempted robbery. The trial court sentenced Rivera to a determinate term of seven years eight months in prison plus an indeterminate term of 25 years to life, and sentenced Buford to four years in prison.

Defendants now assert the following contentions:

1. Rivera and Buford claim there is insufficient evidence to support the attempted robbery convictions.

2. As to Rivera's count two conviction for attempted murder, Rivera argues there is insufficient evidence that he intended to kill F.S.

3. Rivera and Buford argue the trial court should have instructed the jury on accident.

4. Rivera asserts his trial counsel was ineffective in failing to request a jury instruction on accident and in failing to argue that Rivera shot F.S. by accident.

5. Rivera and Buford assert various contentions pertaining to sentencing, including that new laws make it appropriate to remand for resentencing.

We will affirm the convictions, vacate the sentences, and remand for resentencing.

## BACKGROUND

Surveillance video presented at trial showed F.S. in a line of people ordering food when Rivera and Buford crossed a street and approached him. In a subsequent interview with detectives after the crimes, F.S. said he used to buy marijuana from Buford, and defendants saw F.S. with money during those transactions. According to F.S., on the day of the crimes defendants told him, "We know you got some money so give me your money," or that Buford asked F.S., "What's up with that money?" F.S. claimed he did not owe Buford money and he interpreted Buford's question as an attempt to rob him.

Within a minute after approaching F.S., Rivera pulled out a gun and pointed it at him. F.S. slapped the gun down but Rivera stepped back and fired two shots at F.S., hitting him in the groin and thigh.

2

The jury found Rivera and Buford guilty of attempted robbery. (Penal Code, §§ 664/211[1] -- count one.) It also found Rivera guilty of attempted murder (§§ 664/187, subd. (a) -- count two) and unlawful possession of a firearm (§ 29820 -- count three). The jury found true the allegations in counts one and two that Rivera personally used a firearm (§§ 12022.53, subd. (b), 12022.5, subd. (a)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)) and personally and intentionally discharged a firearm which proximately caused great bodily injury to F.S. (§ 12022.53, subd. (d)). In addition, the jury found true a count one firearm use allegation as to Buford: that in the commission of attempted robbery, a principal was armed with a firearm (§ 12022, subd. (a)(1)).

The trial court sentenced Rivera to a determinate term of seven years eight months in prison plus an indeterminate term of 25 years to life, and sentenced Buford to four years in prison. It also ordered defendants to pay certain fines and assessments.

DISCUSSION

I

Rivera and Buford claim there is insufficient evidence to support the attempted robbery convictions. Rivera argues there was no evidence of a demand for property or attempt to take property against F.S.'s will, and Buford claims there was insufficient evidence that he knew Rivera intended to rob F.S. and that Buford acted with the intent to commit, encourage, or facilitate a robbery.

A

In determining whether sufficient evidence supports a conviction, " 'we do not determine the facts ourselves. Rather, we "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial

---

[1] Undesignated statutory references are to the Penal Code.

evidence -- evidence that is reasonable, credible and of solid value -- such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citations.] We presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] [¶] . . . "[I]f the circumstances reasonably justify the jury's findings, the judgment may not be reversed simply because the circumstances might also reasonably be reconciled with a contrary finding." [Citation.]' " (*People v. Nelson* (2011) 51 Cal.4th 198, 210.) We do not reweigh evidence. (*Ibid.*) " 'Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the . . . jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.' [Citation.] Unless it describes facts or events that are physically impossible or inherently improbable, the testimony of a single witness is sufficient to support a conviction. [Citation.]" (*People v. Elliott* (2012) 53 Cal.4th 535, 585.) The above standard of review also applies to insufficient evidence claims involving circumstantial evidence. (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.) " 'We "must accept logical inferences that the jury might have drawn from the circumstantial evidence." ' " (*Ibid.*) The effect of this standard of review is that a defendant challenging the sufficiency of the evidence to support his or her conviction bears a heavy burden on appeal. (*People v. Powell* (2011) 194 Cal.App.4th 1268, 1287.)

Attempted robbery requires a specific intent to commit robbery and a direct but ineffectual act toward its commission. (*People v. Mora and Rangel* (2018) 5 Cal.5th 442, 488; *People v. Plager* (1987) 196 Cal.App.3d 1537, 1548; see *People v. Vizcarra* (1980) 110 Cal.App.3d 858, 863.) " 'Robbery is the taking of "personal property in the possession of another against the will and from the person or immediate presence of that person accomplished by means of force or fear and with the specific intent permanently to deprive such person of such property." [Citation.]' " (*People v. Clark* (2011)

4

52 Cal.4th 856, 943.) Intent to permanently deprive the victim of his or her property may be inferred from the surrounding facts and circumstances. (*People v. Lewis* (2001) 25 Cal.4th 610, 643.)

An aider and abettor must act with knowledge of the criminal purpose of the direct perpetrator and with an intent to either commit or encourage or facilitate the commission of the offense. (*People v. Beeman* (1984) 35 Cal.3d 547, 560.) Presence at the crime scene, failure to take steps to prevent the commission of the crime, and conduct before and after the offense, are factors that may be considered in determining whether the defendant aided and abetted a crime. (*In re Juan G.* (2003) 112 Cal.App.4th 1, 5; *People v. Pitts* (1990) 223 Cal.App.3d 606, 892-893.) In the case of *In re Juan G.*, substantial evidence supported the finding that the defendant committed robbery as an aider and abettor where he approached the victim with the codefendant, stood by while the codefendant demanded money from the victim at knifepoint, and fled the scene with the codefendant after the latter obtained money from the victim. (*In re Juan G.,* at pp. 3-6.)

B

The surveillance video shows Rivera and Buford approached F.S. together. The jury could reasonably conclude from surveillance videos that Rivera armed himself before crossing the street and after conferring with Buford. There is evidence that Buford went up to F.S. and asked him, "What's up with that money?" F.S. denied owing Buford money. F.S. also reported that defendants said, "We know you got some money so give me your money." F.S. testified he carried thousands of dollars in cash in his prior dealings with Buford, and he believed defendants thought he had money on him.

The interaction between F.S. and defendants at the taco stand lasted about a minute. Surveillance video does not support Buford's assertion that he was talking on his cell phone. The video shows that Rivera pulled out a gun, stepped backwards, shot F.S.,

5

stepped back some more, fired another shot, and ran away.  Buford ran in the same direction as Rivera.

Sufficient evidence supports the attempted robbery convictions.

II

Rivera contends his count two conviction for attempted murder must be reversed because there is insufficient evidence he intended to kill F.S.

" 'Attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing.' " (*People v. Sanchez* (2016) 63 Cal.4th 411, 457.)  The defendant's intent to kill may be inferred from the circumstances of the crime and the defendant's acts.  (*Ibid.*)

Sufficient evidence supports the count two conviction.  F.S. said the shooter pointed a gun at F.S.'s chest from less than a foot away, stepped back after F.S. slapped the gun down, and fired two rounds.  Surveillance video shows Rivera aiming the gun and firing it at F.S. at close range.  "The act of shooting a firearm toward a victim at close range in a manner that could have inflicted a mortal wound had the shot been on target is sufficient to support an inference of an intent to kill."  (*People v. Houston* (2012) 54 Cal.4th 1186, 1218 (*Houston*); accord *People v. Smith* (2005) 37 Cal.4th 733, 741-742 (*Smith*); *People v. Medina* (2019) 33 Cal.App.5th 146, 153; *People v. Millbrook* (2014) 222 Cal.App.4th 1122, 1149.)

Rivera nevertheless notes his trial counsel's closing argument that Rivera pointed the gun down and hit F.S. in the groin and thigh.  But the jury found that Rivera intended to kill F.S.  That the shooter did not succeed in killing the victim does not preclude a finding of intent to kill.  (*Smith, supra*, 37 Cal.4th at p. 741.)

Rivera also urges there was no evidence of motive or any relationship between him and F.S. to explain the shooting.  But the inference of intent to kill from the act of purposefully firing a gun at the victim at close range does not depend on a further showing of motive to kill.  (*Smith, supra*, 37 Cal.4th at p. 741.)  Motive is not an element

6

of attempted murder. (*Houston, supra*, 54 Cal.4th at p. 1218; *Smith,* at p. 741.) That the defendant did not know the victim does not demonstrate lack of intent to kill. (*Houston,* at p. 1218.)

### III

Rivera also contends with regard to the attempted murder and attempted robbery counts that the trial court had a sua sponte duty to instruct on accident. Buford joins in the claim.

Accident is not an affirmative defense. (*People v. Gonzalez* (2018) 5 Cal.5th 186, 199, fn. 3.) It is a theory that attempts to negate the intent element of a crime. (*Ibid.*; *People v. Jennings* (2010) 50 Cal.4th 616, 674-675; CALCRIM No. 3404.) Although a trial court may, upon request, give a pinpoint instruction on accident when there is evidence supporting the theory, it does not have a sua sponte duty to instruct on accident where it has instructed on the mental element of the crime and the defendant's theory of accident is an attempt to negate the intent element of the offense. (*Gonzalez,* at p. 199, fn. 3; *Jennings,* at pp. 674-675; *People v. Anderson* (2011) 51 Cal.4th 989, 997, italics omitted ["A trial court's responsibility to instruct on accident . . . generally extends no further than the obligation to provide, upon request, a pinpoint instruction relating the evidence to the mental element required for the charged crime."].)

The trial court instructed the jury on the required findings for attempted robbery and attempted murder. It told the jury that to prove the defendant was guilty of attempted robbery, the People had to prove that the defendant intended to commit robbery; and to prove the defendant was guilty of attempted murder, the People had to prove the defendant intended to kill F.S. Rivera does not claim those instructions were incomplete or incorrect. There was no request for an instruction on accident, and the trial court had no sua sponte obligation to instruct on accident to negate the specific intent required for convictions on counts one and two. (*Anderson, supra*, 51 Cal.4th at pp. 996-997.) Although a trial court must instruct on the general principles of law applicable to the

defendant's theory of the case (*id.* at p. 996), neither defendant asserted accident at trial and they do not show substantial evidence that the shooting was accidental.

Rivera urges us to support the overruling of the *Anderson* decision, but we decline to do so. "Under the doctrine of stare decisis, all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction." (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

IV

Rivera further claims his trial counsel rendered ineffective assistance by not requesting an instruction on accident and not arguing that Rivera shot F.S. by accident.

To establish ineffective assistance of counsel, a defendant must prove that (1) his trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to the defendant. (*People v. Maury* (2003) 30 Cal.4th 342, 389; *Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674].) If a defendant makes an insufficient showing on either of those components, the ineffective assistance claim fails. (*People v. Holt* (1997) 15 Cal.4th 619, 703; *Strickland*, at p. 687.)

As we have explained, there was no substantial evidence of accident. Accordingly, there was no deficiency of trial counsel in not requesting an instruction on accident or in not arguing that Rivera shot F.S. by accident.

V

Rivera and Buford also assert claims regarding sentencing.

Rivera claims his prison sentence is excessive and constitutes cruel and unusual punishment in violation of the federal and state Constitutions.

Rivera also argues his case must be remanded so the trial court may consider his ability to pay the imposed fines and assessments pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157. Buford joins in Rivera's *Dueñas* claim to the extent the

California Supreme Court decides in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844, that a trial court must consider ability to pay before imposing fines and assessments.

In supplemental briefing, Rivera contends recent amendments to section 1170 pursuant to Assembly Bill No. 124 (2021-2022 Reg. Sess.), and to section 654 pursuant to Assembly Bill No. 518 (2021-2022 Reg. Sess.), apply to his case and require the trial court to resentence him on counts one and two and the section 12022.53 findings.

Buford contends in supplemental briefing that Senate Bill No. 567 (2021-2022 Reg. Sess.) and Assembly Bill No. 124 apply retroactively to his case and that he is entitled to be resentenced under amended section 1170.

Rivera and Buford both contend the trial court could impose the lower prison term pursuant to newly enacted section 1170, subdivision (b)(6)(B), due to their youth.

Because the changes adopted by Senate Bill No. 567 and Assembly Bill No. 124 make it appropriate to remand for resentencing, we address those enactments and need not address the other contentions.

The Governor signed Senate Bill No. 567 and Assembly Bill No. 124 while this appeal was pending. The new laws became effective January 1, 2022. Section 1.3 of Senate Bill No. 567 incorporated amendments to section 1170 proposed by Senate Bill No. 567 and Assembly Bill Nos. 124 and 1540 and became operative when Senate Bill No. 567 was enacted after Assembly Bill Nos. 124 and 1540. (Stats. 2021, ch. 731, § 3, subd. (c).) The Legislature added subdivision (b)(6) to section 1170. (Stats.2021, ch. 731, § 1.3.) Subdivision (b)(6)(B) provides that "unless the [trial] court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the [trial] court shall order imposition of the lower term if . . . [¶] . . . [¶] (B) The person . . . was a youth . . . at the time of the commission of the offense" and their youth was a contributing factor in the

9

commission of the offense. A person was a "youth" if they were under 26 years of age on the date of the offense. (§ 1016.7, subd. (b).)

The Attorney General agrees that defendants are entitled to the benefit of the newly added section 1170, subdivision (b)(6)(B) and the matter should be remanded for resentencing. Under *In re Estrada* (1965) 63 Cal.2d 740, " ' "[a]n amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's effective date" [citation], unless the enacting body "clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent." ' " (*People v. Lara* (2019) 6 Cal.5th 1128, 1134.) A judgment of conviction is not final for the purpose of determining the retroactive application of a statutory amendment until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed. (*People v. Vieira* (2005) 35 Cal.4th 264, 305-306; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 (*Flores*).) Nothing in Senate Bill No. 567 or Assembly Bill No. 124 suggests legislative intent that the amendment at issue here applies prospectively only, and we agree that defendants are entitled to the benefits of the legislative enactment. (Stats. 2021, ch. 731, §§ 1-3; Stats. 2021, ch. 695, §§ 5-6; *Flores,* at p. 1039.)

Rivera and Buford were under 26 years of age at the time of the charged offenses. The recent amendment to section 1170 requires the sentencing court to consider whether defendants' youth was a contributing factor in the commission of the offenses, a finding that would require imposition of the lower term of imprisonment. Because the amendments to section 1170 apply retroactively to defendants' cases and the trial court could not have considered the new section 1170, subdivision (b)(6)(B) when it sentenced defendants, we agree that remand is appropriate. We will vacate the sentences and remand the matters for full resentencing. (*People v. Garcia* (2022) 76 Cal.App.5th 887; *Flores, supra*, 73 Cal.App.5th at p. 1039.) Considering our conclusion that defendants

are entitled to full resentencing, we do not reach defendants' other claims relating to their sentences.

## DISPOSITION

The judgments of conviction are affirmed. The sentences are vacated and the matter is remanded to the trial court for full resentencing.



          /S/
MAURO, J.




We concur:



      /S/
ROBIE, Acting P. J.



      /S/
RENNER, J.

11